IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - x
                             :
In the Matter of:            :
                             :
UNITED STATES OF AMERICA     :
                             :
        vs.                  :   Docket No. 04-0135M-01(CR)
                             :
                             :   Washington, D.C.
MARIA CANALES                :   April 19, 2004
- - - - - - - - - - - - - - x


TRANSCRIPT OF HEARING ON ARRAIGNMENT
BEFORE THE HONORABLE DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

        On behalf of the Government:

                HOWARD SKLAMBERG, Esq.
                Assistant United States Attorney

        On behalf of the Defendant:

                WILLIAM W. NICKERSON, Esq.


Proceedings recorded by the Court, transcript produced by Pro-Typists, Inc., 1012-14th Street, N.W., Suite 307, Washington, D.C. 20005, 202-347-5395, www.pro-typists.com
M9915A/dac

PENGAD-Bayonne, N. J.

EXHIBIT
2

<u>P R O C E E D I N G S</u>

THE CLERK:  Case Number 04-135M, the United States of America versus Maria Canales.  Dan Foster representing the Government, Howard Sklamberg representing the Defendant.  This matter is scheduled for a PR.

MR. SKLAMBERG:  It's the other way around.

MR. NICKERSON:  A little off, a little change.

MR. SKLAMBERG:  Actually, I'm Howard Sklamberg representing the Government.  This is William Nickerson representing the Defendant.

THE CLERK:  Okay, okay, William Nickerson.

MR. SKLAMBERG:  Dan Foster is a paralegal in my office.

THE CLERK:  Okay, thank you.

MR. WIEGAND:  This is Barry Wiegand and with the Court's permission, I'm leaving at least briefly, with the Court's permission, Your Honor.

THE MAGISTRATE JUDGE:  You may be excused --

MR. WIEGAND:  Thank you, Your Honor.

THE MAGISTRATE JUDGE:  -- since I see Mr. Sklamberg is ready to proceed.  Now are the parties ready to proceed with the Rule 11 inquiry?

MR. SKLAMBERG:  Yes, Your Honor.

THE MAGISTRATE JUDGE:  Mr. Nickerson, are you ready?

MR. NICKERSON:  I'm ready, Your Honor.

1    THE MAGISTRATE JUDGE:  Very well.  Ms. Canales --

2    THE DEFENDANT:  Yes.

3    THE MAGISTRATE JUDGE:  -- would you stand, please?

4    Good afternoon.  The Court has been informed that you wish to

5    plead guilty to the information filed by the United States

6    Attorney.  Is that correct?

7    THE DEFENDANT:  Yes.

8    THE MAGISTRATE JUDGE:  Before your plea can be

9    accepted, there are a number of questions that I am required

10   to ask you.  Your answers to the questions will be given under

11   oath.

12   (The Defendant is sworn by the clerk.)

13   THE MAGISTRATE JUDGE:  Now Ms. Canales, are you now

14   under the influence of any alcohol, drugs or medication?

15   THE DEFENDANT:  No.

16   THE MAGISTRATE JUDGE:  Do either of you know of any

17   reason Ms. Canales might be unable to understand or

18   participate in this proceeding?  Mr. Nickerson?

19   MR. NICKERSON:  Not at all, Your Honor.

20   THE MAGISTRATE JUDGE:  Mr. Sklamberg?

21   MR. SKLAMBERG:  No, Your Honor.

22   THE MAGISTRATE JUDGE:  Ms. Canales, have you had

23   enough time to discuss this case with your lawyer?

24   THE DEFENDANT:  Yes, Your Honor.

25   THE MAGISTRATE JUDGE:  Are you satisfied with his

1 services?

2        THE DEFENDANT:  Yes, Your Honor.

3        THE MAGISTRATE JUDGE:  Do you understand, Ms.

4 Canales, that under the Constitution and laws of the United

5 States, that you are entitled to a trial by jury on the charge

6 pending against you?

7        THE DEFENDANT:  Yes, Your Honor.

8        THE MAGISTRATE JUDGE:  Do you understand that if

9 there were a trial, that you would be presumed innocent and

10 that in order for you to be convicted, it would be the burden

11 of the Government to prove you guilty beyond a reasonable

12 doubt?

13        THE DEFENDANT:  Yes, Your Honor.

14        THE MAGISTRATE JUDGE:  Do you know that in its effort

15 to prove you guilty, the Government would be required to

16 produce witnesses to testify in open court in your presence?

17        THE DEFENDANT:  Yes, Your Honor.

18        THE MAGISTRATE JUDGE:  Do you know that your lawyer

19 would be permitted to cross examine the Government witnesses?

20        THE DEFENDANT:  Yes, Your Honor.

21        THE MAGISTRATE JUDGE:  Do you know that evidence

22 could be offered on your behalf?

23        THE DEFENDANT:  Yes, Your Honor.

24        THE MAGISTRATE JUDGE:  Do you know that you would

25 have the right to testify at your trial?

THE DEFENDANT:  Yes, Your Honor.

THE MAGISTRATE JUDGE:  Do you understand that you would also have the right not to testify?

THE DEFENDANT:  Yes, Your Honor.

THE MAGISTRATE JUDGE:  Do you understand that if you chose not to testify, that no inference of guilt could be drawn against you for that reason?

THE DEFENDANT:  Yes, Your Honor.

THE MAGISTRATE JUDGE:  Do you know, Ms. Canales, that if your plea of guilty is accepted, you will waive all of those rights?

THE DEFENDANT:  Yes, Your Honor.

THE MAGISTRATE JUDGE:  Do you understand that there will be no trial if you plead guilty?

THE DEFENDANT:  Yes, Your Honor.

THE MAGISTRATE JUDGE:  And do you know that by pleading guilty, you will give up your right to appeal your conviction to a higher court?

THE DEFENDANT:  Yes, Your Honor.

THE MAGISTRATE JUDGE:  Having discussed these rights with you, do you still wish to plead guilty?

THE DEFENDANT:  Yes, Your Honor.

THE MAGISTRATE JUDGE:  Ms. Canales, do you have a copy of the information, the charging document filed by the United States Attorney?

1    THE DEFENDANT:  Yes, Your Honor.

2    THE MAGISTRATE JUDGE:  Is that a copy that you just

3 put on the table in front of you?

4    THE DEFENDANT:  Yes.

5    THE MAGISTRATE JUDGE:  Do you need more time to

6 review the information with Mr. Nickerson?

7    THE DEFENDANT:  No, Your Honor.

8    THE MAGISTRATE JUDGE:  Do you understand the charge

9 alleged in the information?

10    THE DEFENDANT:  Yes, Your Honor.

11    THE MAGISTRATE JUDGE:  Do you know what the maximum

12 penalty is for that charge?

13    THE DEFENDANT:  Yes.

14    THE MAGISTRATE JUDGE:  What is your understanding of

15 the maximum penalty?

16    THE DEFENDANT:  It's one year and a hundred thousand

17 or --

18    THE MAGISTRATE JUDGE:  Has anyone promised you what

19 sentence --

20    THE DEFENDANT:  No, I don't know what the -- I'm

21 sorry, Your Honor, I guess I don't know.

22    THE MAGISTRATE JUDGE:  Why don't you have a seat and

23 discuss the penalty with Mr. Nickerson, please?  I will also

24 ask you to review the document that has the caption Plea

25 Agreement, which you should also have on the table in front of

7

1  you.

2         Very well, do you now recall the maximum period of

3  incarceration and the maximum fine for which the United States

4  Code provides?

5         THE DEFENDANT:  One year and 10,000.

6         MR. SKLAMBERG:  Your Honor, it's actually one year

7  and a hundred thousand is the statutory maximum.

8         THE MAGISTRATE JUDGE:  Let me direct your attention,

9  Ms. Canales, to Paragraph 4 of the written plea agreement.

10 And if you'd like to have a seat and review that paragraph

11 with Mr. Nickerson again, you may certainly do so.

12         THE DEFENDANT:  I guess I have it right.

13         MR. NICKERSON:  She knows it, Your Honor.

14         THE MAGISTRATE JUDGE:  Do you now know that the

15 maximum fine that is authorized is a fine of $100,000.00?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE MAGISTRATE JUDGE:  Has anyone promised you what

18 sentence will actually be imposed?

19         THE DEFENDANT:  No, Your Honor.

20         THE MAGISTRATE JUDGE:  Have you discussed with your

21 lawyer how the federal sentencing guidelines might apply to

22 your case?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE MAGISTRATE JUDGE:  Do you know that your lawyer's

25 guidance regarding the applicable guideline provisions is his

1 estimate and not a finding by the Court, that that is the

2 guideline application that will govern your sentencing?

3           THE DEFENDANT:  Yes, Your Honor.

4           THE MAGISTRATE JUDGE:  Do you know that even if your

5 sentence is more severe than you now expect that it will be,

6 you are still bound by your plea and that you will not be

7 permitted to withdraw your plea for that reason?

8           THE DEFENDANT:  Yes, Your Honor.

9           THE MAGISTRATE JUDGE:  Do you know that parole has

10 been abolished, so that if you are sentenced to a period of

11 incarceration, you will not be released early on parole?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE MAGISTRATE JUDGE:  Do you need to discuss that

14 with Mr. Nickerson?

15           THE DEFENDANT:  No.

16           THE MAGISTRATE JUDGE:  Now I referred a moment ago to

17 a document captioned Plea Agreement.  Do you still have your

18 copy of the plea agreement on the table?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE MAGISTRATE JUDGE:  I'm going to ask the marshal

21 to give you the one that I have so that I can ask you to look

22 at the signature on the line marked, "Maria Canales."  Is that

23 your signature?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE MAGISTRATE JUDGE:  Very well, you may hand it

1  back to the marshal.  Did you review this agreement with Mr.

2  Nickerson before you signed it?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE MAGISTRATE JUDGE:  Does the letter -- excuse me,

5  does the agreement accurately state your understanding of the

6  agreement between you and the Government?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE MAGISTRATE JUDGE:  Has anyone promised you

9  anything, other than what is stated in this plea agreement, in

10 return for your plea?

11             THE DEFENDANT:  No, Your Honor.

12             THE MAGISTRATE JUDGE:  Has anyone threatened you or

13 forced you to lead you to the decision to plead guilty?

14             THE DEFENDANT:  No, Your Honor.

15             THE MAGISTRATE JUDGE:  Very well, you may have a

16 seat.

17             THE DEFENDANT:  Thank you.

18             THE MAGISTRATE JUDGE:  Mr. Sklamberg, I'll hear the

19 proffer on the record of what the Government's evidence would

20 have shown, had this matter gone to trial.

21             MR. SKLAMBERG:  Very well, Your Honor.  From December

22 of 2001 until April 2002, Ms. Canales was the U.S. Treasury

23 Department's Deputy Chief Information Officer, which is a

24 Senior Executive Service position.  In April 2002, she became

25 the Acting Chief Information Officer and Acting Deputy

1  Assistant Secretary.  During her tenure at the Treasury
2  Department, Ms. Canales' office was in the District of
3  Columbia.  She was a public officer, as that term is used in
4  18 USC, Section 1018, which is the section she is pleading
5  guilty to.
6           Consultant representing information technology
7  companies that were seeking contracts with the Treasury
8  Department.  Ms. Canales and Consultant had known each other
9  since she began working at the Treasury Department.  Over the
10  years, Consultant has given Ms. Canales a number of gifts of
11  value, including jewelry.
12           In October of 2001, the Treasury Department allocated
13  approximately $5.7 million for a contract for cyber security
14  related software and consultant services.  The Department
15  directed that this contract be filled expeditiously.
16  Consultant represented an information technology company,
17  which I'll refer to as "the company," which provided the type
18  of services the Treasury Department was seeking.
19           In March 2002, the company received a $1.5 million
20  subcontract that was part of the available $5.7 million for
21  software and consultant services.  Ms. Canales signed the sole
22  source justification for this contract and subcontract.  Ms.
23  Canales informed Consultant of the amount of funds available
24  for the subcontract and sent Consultant a statement of work.
25           In late February, early March 2002, while the

subcontract was under consideration, Ms. Canales, her husband,

the consultant and his girlfriend vacationed together in

Malta, using a timeshare that belonged to Consultant's

girlfriend.

In March 2002, the Treasury Department's Office of

Inspector General, OIG, initiated an investigation into

whether there was a connection between Ms. Canales' role in

the approval of the subcontract and any gifts that Ms. Canales

received from the consultant.  The investigation considered

whether any criminal law had been violated and/or whether

administrative action was appropriate.

As part of the investigation, OIG interviewed Ms.

Canales.  On June 6th, 2002, following an interview with OIG

agents in her Washington, D.C. office, Ms. Canales drafted and

signed a sworn written statement which purported to be, quote,

". . . true, accurate and complete, to the best of . . .,"

her, ". . . knowledge and belief," end quote, but in which Ms.

Canales also stated, A, that other than a vase, Ms. Canales

had not received any gifts of value from Consultant, when in

truth and in fact, as Ms. Canales well knew, she had received

gifts of value from Consultant; B, that she declined a gift of

emeralds from Consultant.  In truth and in fact, as Ms.

Canales well knew, she accepted emerald chips from Consultant.

These chips were worth approximately $802,000.00; C, that she

did not, quote, ". . . have knowledge of the method used to

1  award . . .," end quote, the subcontract.  In truth and in
2  fact, as Ms. Canales well knew, she was aware that the
3  subcontract was a sole source -- she signed the sole source
4  justification for the contract.
5           Ms. Canales' role in awarding the subcontract and the
6  nature of any gifts that she received from the consultant were
7  material to the OIG's investigation.  Ms. Canales' false
8  writings identified above were at all times material to the
9  OIG's investigation.
10          Immediately following Ms. Canales' interview with the
11  OIG, she called Consultant, she informed Consultant of the
12  misstatements that she had made to the OIG.  She requested
13  that if OIG interviewed Consultant, that Consultant should lie
14  about the extent of Ms. Canales' involvement in awarding the
15  subcontract.  Ms. Canales also asked Consultant to state
16  falsely that he had not given her emerald chips and that the
17  only gift of value that he had given her was a vase.
18          On June 12th, 2002, OIG agents interviewed
19  Consultant.  Pursuant to Ms. Canales' request, Consultant
20  falsely stated, A, that the only gifts of value that had been
21  given to Ms. Canales was a vase; B, that he had offered
22  emerald chips to Ms. Canales, but she refused them; C, that he
23  and Ms. Canales did not talk about this amount of the
24  subcontract; and D, that Ms. Canales did not send him a
25  statement of work for the subcontract.

1            And this conduct, the Government submits, constitutes

2   a violation of 18 USC, Section 1018, which is making a false

3   writing.

4            THE MAGISTRATE JUDGE:  Thank you, Mr. Sklamberg.  Ms.

5   Canales, has Mr. Sklamberg accurately stated your actions and

6   your conduct with respect to the matter alleged in the

7   information?

8            THE DEFENDANT:  Yes, Your Honor.

9            THE MAGISTRATE JUDGE:  Is there anything that Mr.

10  Sklamberg said that you wish to correct or explain?

11           MR. NICKERSON:  Yes, Your Honor, I have one matter.

12  It has to do with the overall plea.  I'd like just to have it

13  noted that there is no connection proffered by the United

14  States Attorney's office that connects any procurement to

15  those gifts.  The consultant was a friend of Ms. Canales for a

16  period in excess of four years before the contract.

17           THE MAGISTRATE JUDGE:  Mr. Sklamberg?

18           MR. SKLAMBERG:  This is a plea to Section 1018 and

19  we're not alleging a violation of the bribery or gratuity

20  statute, so that statement I think does not detract from the

21  factual proffer.

22           THE MAGISTRATE JUDGE:  Does that mean that the

23  Government remains satisfied that with the explanation offered

24  by Ms. Canales' counsel, there remains a factual basis in

25  support of the plea?

MR. SKLAMBERG:  As long as the Defendant says on the record that all of the words and the factual basis of the plea are correct and true, that does meet all the elements of the offense and the Government is satisfied.

MR. NICKERSON:  They are.

THE MAGISTRATE JUDGE:  Ms. Canales, the marshal will hand you the written factual basis for plea and I will again ask you to look at the signature line so that you can tell me whether that is your signature.

THE DEFENDANT:  Okay.  Yes, Your Honor.

THE MAGISTRATE JUDGE:  Did you review that written proffer with Mr. Nickerson before you signed it?

THE DEFENDANT:  Yes, Your Honor.

THE CLERK:  Ms. Canales, in Criminal Action Number -- I'm sorry, Miscellaneous Number 04-135, in which you are charged in violation of 18 USC 1018, how do you plead?

THE DEFENDANT:  Guilty.

THE CLERK:  Thank you.

THE MAGISTRATE JUDGE:  It is the finding of the Court that Ms. Canales' plea of guilty is a knowing and voluntary waiver of her rights, supported by an independent basis in fact which contains each of the essential elements of the offense.  The plea will therefore be accepted.  You may have a seat.

THE DEFENDANT:  Thank you, Your Honor.

THE MAGISTRATE JUDGE:  Counsel, have the two of you conferred regarding a date for sentencing?  I would suggest a date in late to mid-July.

MR. SKLAMBERG:  I was anticipating that's when Your Honor's criminal calendar began and that's fine with us.

MR. NICKERSON:  Right.

THE MAGISTRATE JUDGE:  We can schedule the sentencing for any afternoon at 1:30.

MR. SKLAMBERG:  What day of the week works best for the Court's calendar, makes it less congested if --

THE MAGISTRATE JUDGE:  I would suggest Tuesday, Wednesday or Thursday then, since Monday and Friday tend to be busier.

MR. SKLAMBERG:  Can I throw out Tuesday, July 13th?

THE MAGISTRATE JUDGE:  That's fine.  Mr. Nickerson?

MR. NICKERSON:  Fine, fine, Your Honor.

THE MAGISTRATE JUDGE:  That will be at 1:30 in this courtroom.  Mr. Sklamberg, does the United States wish to be heard with regard to Ms. Canales' conditions of release?

MR. SKLAMBERG:  We have no objection to personal release, Your Honor.  We'd just ask the Court to sign the booking order with one change.  It turns out Ms. Canales will be booked tomorrow, rather than today, so if the Court could just change that date on the booking order.

THE MAGISTRATE JUDGE:  Have you shown the proposed

1 booking order to Mr. Nickerson?

2          MR. SKLAMBERG:  I have.

3          MR. NICKERSON:  Yes.

4          THE MAGISTRATE JUDGE:  And is Ms. Canales to meet the

5 agents here in the courthouse for routine processing?

6          MR. SKLAMBERG:  They're going to meet in front of

7 MPD, I believe, tomorrow.

8          MR. NICKERSON:  Right.

9          THE MAGISTRATE JUDGE:  Very well.  Mr. Nickerson --

10          MR. NICKERSON:  Yes.

11          THE MAGISTRATE JUDGE:  -- do you wish to be heard

12 regarding Ms. Canales' conditions of release?

13          MR. NICKERSON:  Not at all, Your Honor.

14          THE MAGISTRATE JUDGE:  Very well.  Now Ms. Canales,

15 the Court will release you on your personal promise to return

16 to court for your sentencing, which has been scheduled for

17 Tuesday, July 13th, at 1:30 in this courtroom, with the

18 following conditions.  First, you must continue to reside at

19 your current address and you are not to travel without first

20 seeking and obtaining leave of the court to do so.

21          When you leave court today, you must report to the

22 Probation Office and you will be given a probation referral

23 slip to take with you there.

24          THE DEFENDANT:  Yes, Your Honor.

25          THE MAGISTRATE JUDGE:  You must comply with the

1  booking order which I have signed, which requires that

2  tomorrow -- I don't believe you gave us the time, Mr.

3  Sklamberg.

4          MR. NICKERSON:  It's noon, Your Honor.

5          MR. SKLAMBERG:  Noon.

6          THE MAGISTRATE JUDGE:  Thank you.  The order, of

7  course, requires that at noon tomorrow, you meet the agents at

8  the Department of Treasury for what is known as routine

9  processing.

10          Your final condition is that you return to court for

11  your sentencing.  You are advised that your willful failure to

12  do so would be a separate offense for which you could face an

13  additional period of incarceration or a fine or both.  Do you

14  understand?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE MAGISTRATE JUDGE:  Very well.  You may have a

17  seat until your release order is prepared.

18          THE DEFENDANT:  Thank you.

19          (The Defendant is sworn to her conditions of

20  release.)

21          THE MAGISTRATE JUDGE:  Now Counsel, is there anything

22  further in this matter this afternoon, Mr. Nickerson?

23          MR. NICKERSON:  Not at all, Your Honor.

24          THE MAGISTRATE JUDGE:  Mr. Sklamberg?

25          MR. SKLAMBERG:  No, Your Honor.

1          THE MAGISTRATE JUDGE:  Very well, thank you.  You may

2 all be excused.  Thank you.

3          MR. NICKERSON:  Thank you, Your Honor.

4          THE DEFENDANT:  Thank you, Your Honor.

5          (Whereupon, the proceeding concluded.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES OF AMERICA        )
                                )    Docket No. 04-0135M-01
DISTRICT OF COLUMBIA            )


       I, PAUL R. CUTLER, do hereby certify that a recording of the foregoing proceedings in the above matter was duplicated from an original recording by the Office of the Clerk, United States District Court for the District of Columbia, and that said duplicate recording of the proceedings was transcribed under my direction to typewritten form.


                              PAUL R. CUTLER

                      - - -


       I, DORIS A. CUTLER, do hereby certify that the foregoing transcript was typed by me and that said transcript is a true record of the recorded proceedings to the best of my ability.


                              DORIS A. CUTLER