IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - x
                                 :
In the Matter of:                :
                                 :
UNITED STATES OF AMERICA         :
                                 :   Docket No. 04-0135M-01(CR)
        vs.                      :
                                 :   Washington, D.C.
MARIA CANALES                    :   July 13, 2004
                                 :
- - - - - - - - - - - - - - - - x


TRANSCRIPT OF HEARING ON SENTENCING
BEFORE THE HONORABLE DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

    On behalf of the Government:

        HOWARD SKLAMBERG, Esq.
        Assistant United States Attorney

    On behalf of the Defendant:

        WILLIAM W. NICKERSON, Esq.

    ALSO PRESENT:

        LAVERNE EBRON, Probation Officer


Proceedings recorded by the Court, transcript produced by
Pro-Typists, Inc., 1012-14th Street, N.W., Suite 307,
Washington, D.C.  20005, 202-347-5395, www.pro-typists.com
M9915B/dac

EXHIBIT 3

1  during the course of the plea colloquy through the factual
2  proffer to the circumstances which would warrant the two point
3  adjustment. But nonetheless, I think it is prudent to hear
4  you on the record with respect to whether this is also your
5  view of events. Mr. Sklamberg.
6          MR. SKLAMBERG: Happily, Your Honor, I agree with
7  you. The factual bases for all of the -- for the adjustment
8  in this case were agreed upon by the parties, so to the extent
9  there are any *Blakely* issues, we waived. That's the
10 Government's position.
11         The parties furthermore agree on how the guidelines
12 apply in this case. The only *Blakely* wrinkle, and it really
13 isn't one, is that per the Department of Justice's procedure
14 in this case is we will ask you impose a sentence under the
15 guidelines and then an alternative sentence which I would
16 suggest be the same thing.
17         THE MAGISTRATE JUDGE: But we haven't quite reached
18 that issue yet. My question is only with respect to any issue
19 that has emerged by reason of the decision that would affect
20 the guideline calculations. And your answer to that question,
21 as the Court imagined, having rereviewed all of the relevant
22 materials, is that the answer is no.
23         MR. SKLAMBERG: That's correct, the answer is no.
24         THE MAGISTRATE JUDGE: Very well. Mr. Nickerson?
25         MR. NICKERSON: I concur, Your Honor, with the

```
 1  Government.
 2          THE MAGISTRATE JUDGE: Now have the two of you
 3  discussed the request that you just made, Mr. Sklamberg, you
 4  and Mr. Nickerson?
 5          MR. NICKERSON: Yes, we have.
 6          MR. SKLAMBERG: We have.
 7          THE MAGISTRATE JUDGE: Have you also discussed that
 8  with Ms. Ebron?
 9          MR. SKLAMBERG: We have not.
10          THE MAGISTRATE JUDGE: May I ask you to informally
11  confer now, please, Mr. Nickerson, Mr. Sklamberg and Ms.
12  Ebron? I'm happy to pass the case if you need additional time
13  to do so, but if you believe that you might concur --
14          MR. NICKERSON: No, I believe --
15          THE MAGISTRATE JUDGE: -- in a moment or two, then
16  we'll continue.
17          MR. SKLAMBERG: We've consulted, Your Honor.
18          THE MAGISTRATE JUDGE: And are the three of you in
19  agreement with respect to the procedure that you have
20  proposed? Mr. Sklamberg, Ms. Ebron --
21          MS. EBRON: Yes, Your Honor.
22          THE MAGISTRATE JUDGE: -- and Mr. Nickerson?
23          MR. NICKERSON: Yes, Your Honor.
24          THE MAGISTRATE JUDGE: Very well. Now the final
25  issue where there appears to be some dispute is with respect
```

1  to the two point -- the subtraction of two points for
2  acceptance of responsibility. My understanding is that
3  counsel concur that that is an adjustment that the Court
4  should make, but that the Probation Office maintains that the
5  adjustment is not appropriate. Are you satisfied that all of
6  you have set forth your contentions adequately in writing and
7  that we need not address that issue now?
8            MR. SKLAMBERG: Yes, Your Honor.
9            THE MAGISTRATE JUDGE: Mr. Nickerson?
10           MR. NICKERSON: Yes, we have, Your Honor.
11           THE MAGISTRATE JUDGE: And Ms. Ebron?
12           MS. EBRON: Yes, Your Honor.
13           THE MAGISTRATE JUDGE: Very well, thank you. Now
14 I'll ask you to please proceed with the balance of your
15 allocution, beginning with you, Mr. Sklamberg. Mr. Nickerson,
16 I will hear from you, and Ms. Canales, you may also address
17 the Court directly if you wish to be heard.
18           THE DEFENDANT: Thank you.
19           MR. SKLAMBERG: Your Honor, I'll be brief. As the
20 Court knows from reviewing the actual proffer which the
21 parties agreed upon, this case stems from an investigation by
22 the Inspector General's Office into activities by Ms. Canales.
23 There ended up being no allegation that Ms. Canales broke any
24 of the bribery or gratuity laws or corruption offenses.
25           In the course of the investigation, however, Ms.

Canales made a false written statement to the Inspector General and then asked a friend of hers to also make a false statement to the Inspector General. That false statement forms the basis, the false written statement, forms the basis to the misdemeanor to which Ms. Canales pled.

In light of her acceptance of responsibility, the Government does not oppose a probationary sentence in this case. Whether the offense level ends up being eight or six, it still ends up zero to six months, regardless of -- we contend the offense level should be six, but we would ask regardless of it, we do not oppose probation in this case and we would ask for community service as a condition of probation.

THE MAGISTRATE JUDGE: What is the contention of the United States with respect to a fine as a further condition?

MR. SKLAMBERG: We believe that, as the presentence report indicates, Ms. Canales has the wherewithal to pay a fine. The plea agreement is that the Government would agree, we'd ask for a penalty at the low end of the guidelines range, so we would ask for a fine consistent with that.

THE MAGISTRATE JUDGE: Very well, thank you, Mr. Sklamberg. Now Mr. Nickerson?

MR. NICKERSON: Yes, Your Honor.

THE MAGISTRATE JUDGE: Good afternoon.

MR. NICKERSON: Good afternoon. The offense that my

1  client, Ms. Canales, has pled to is truly an aberration in her
2  long and I would say somewhat stellar professional and
3  personal career.
4       I would think that a -- I concur with the general
5  statements of the Government. I would, however, think that an
6  unsupervised probation, without any kind of significant fine
7  would be more fitting. There's no underlying crime behind the
8  misstatement, it's just a misstatement, it was stupid, and she
9  has -- Ms. Canales has something she would like to say to the
10 Court, if that's all right.
11      THE MAGISTRATE JUDGE: Certainly. Thank you --
12      MR. NICKERSON: Thank you, Your Honor.
13      THE MAGISTRATE JUDGE: -- Mr. Nickerson. Ms.
14 Canales, good afternoon.
15      THE DEFENDANT: Thank you, Your Honor. I wrote down
16 my statement because I'm really nervous and I didn't want to
17 forget what I wanted to say, so if it's okay, could I read?
18      THE MAGISTRATE JUDGE: That is fine, you're welcome
19 to read it.
20      THE DEFENDANT: Okay. Your Honor, I am both
21 extremely sorry and ashamed to be before you today. I have no
22 excuse for the illegal and foolish conduct that brings me here
23 today. I would like you to know that, however, while I cannot
24 take back the false statements I made to the agents, I can
25 assure you that I have learned a great deal about myself and

1 appeal this sentence, which include the right to the
2 appointment of counsel to represent you on appeal, should you
3 be unable to retain counsel.
4     Now is there anything further in this matter this
5 afternoon?  Mr. Nickerson?
6     MR. NICKERSON:  One thing, Your Honor.  As the Court
7 knows, Ms. Canales derives her support from consulting and in
8 order to accomplish these tasks, she often has to travel.  The
9 Court was kind in its pretrial hearing to grant her the
10 ability to travel without necessarily informing the Probation
11 Office.  I see no risk of her doing anything that would impact
12 on that decision.  That's a stipulation that we would ask for,
13 Your Honor.
14     THE MAGISTRATE JUDGE:  Thank you, Mr. Nickerson.  Mr.
15 Sklamberg?
16     MR. SKLAMBERG:  I have no objection.
17     THE MAGISTRATE JUDGE:  Do you wish to address the
18 request, Ms. Ebron?
19     MS. EBRON:  Your Honor, regarding travel, we would
20 not have any I guess objections to Ms. Canales traveling
21 within the United States of America.  However, I guess if
22 there was an instance where she would need to travel outside
23 the U.S., that we would approach the Court with a memo to
24 address that.
25     THE MAGISTRATE JUDGE:  Thank you very much, Ms.

1  Ebron.
2      MS. EBRON: Thank you, Your Honor.
3      THE MAGISTRATE JUDGE: Ms. Ebron, may I assume that
4  is the standard Probation Office --
5      MS. EBRON: That's correct.
6      THE MAGISTRATE JUDGE: -- expectation? Very well, I
7  will ask that you advise the Court, Ms. Ebron, should you
8  determine that it is necessary for Ms. Canales to travel
9  outside of the United States during her period of supervision,
10 so that the Court can approve, by signing the signature line
11 on a memorandum that you prepare, that such travel would be
12 authorized.
13     MS. EBRON: That would be great, Your Honor.
14     THE MAGISTRATE JUDGE: Thank you very much. Anything
15 further, Mr. Nickerson?
16     MR. NICKERSON: No, Your Honor, thank you.
17     THE MAGISTRATE JUDGE: Mr. Sklamberg?
18     MR. SKLAMBERG: No, Your Honor.
19     THE MAGISTRATE JUDGE: Very well, thank you. Ms.
20 Ebron, anything further on behalf of the Probation Office?
21     MS. EBRON: No, Your Honor.
22     THE MAGISTRATE JUDGE: Very well, thank you. You may
23 all be excused and we will take a very brief recess.
24     (Whereupon, the proceeding concluded.)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Docket No. 04-0135M-01 |
| DISTRICT OF COLUMBIA ) | |

I, PAUL R. CUTLER, do hereby certify that a recording of the foregoing proceedings in the above matter was duplicated from an original recording by the Office of the Clerk, United States District Court for the District of Columbia, and that said duplicate recording of the proceedings was transcribed under my direction to typewritten form.

PAUL R. CUTLER

- - -

I, DORIS A. CUTLER, do hereby certify that the foregoing transcript was typed by me and that said transcript is a true record of the recorded proceedings to the best of my ability.

DORIS A. CUTLER