UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                            )
**MARIA CANALES, et al.**,      )
                            )
         Plaintiffs,        )
    v.                      )   Civil Action No.
                            )   06-1330 (GK)
**HENRY M. PAULSON**,           )
    Secretary of the        )
    Treasury, et al.,       )
                            )
         Defendants.        )
_____)

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [Dkt. No. 2]. In the absence of the Judge to whom this case is assigned, it falls to the undersigned as motions judge to decide whether to grant a temporary restraining order. Upon consideration of Plaintiffs' written Motion and Defendants' oral response during a teleconference held with both parties, and for the reasons set forth below, Plaintiffs' Motion for temporary relief is hereby **denied.**

Plaintiffs, Maria Canales and M Squared Strategies, Incorporated, seek first a temporary restraining order and ultimately an injunction preventing enforcement of a June 27, 2006 Debarment Notice issued by the U.S. Department of the Treasury, which imposed a three-year ban on their participation in federal government procurement programs. Their debarment, they argue, was "arbitrary, capricious, an abuse of discretion, and not in

accordance with law." See Pls.' Mot. for Temporary Restraining Order and Prelim. Injunction at 6.

In deciding whether to grant emergency injunctive relief such as a temporary restraining order to preserve the status quo or a preliminary injunction, the Court must consider (1) whether plaintiffs will suffer irreparable injury in the absence of an injunction, (2) whether there is a substantial likelihood that plaintiffs will succeed on the merits of their claim, (3) whether an injunction would be in the public interest or at least not be adverse to the public interest, and (4) the harm to defendants or other interested parties. See Serono Laboratories, Inc. v. Shalala, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998); Sea Containers Ltd. v. Stena AB, 890 F.2d 1205, 1208 (D.C. Cir. 1989); Washington Metro Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977); Milk Industry Foundation v. Glickman, 949 F. Supp. 882, 888 (D.D.C. 1996).

Plaintiffs ultimately are not required to prevail on each of these factors. Rather, these factors must be viewed as a continuum, with more of one factor compensating for less of another. See Holiday Tours, 559 F.2d at 843-45. "If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C. Cir. 1995). Injunctive relief may be justified "where there is a particularly

strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." Id. Conversely, when the other three factors strongly favor interim relief, a court may grant injunctive relief when the moving party has merely made out a "substantial" case on the merits.  The necessary level or degree of likelihood of success that must be shown will vary according to the Court's assessment of other factors.  Holiday Tours, 559 F.2d at 843-45.  In sum, injunctive relief may be granted "with either a high probability of success and some injury, or vice versa."  Cuomo v. United States Nuclear Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985).

Applying these principles to the instant facts, the Court finds that emergency injunctive relief would be inappropriate. First, the irreparable harm Plaintiffs allege is not sufficiently grave to justify the extraordinary relief sought. Specifically, Plaintiffs argue unless the debarment is lifted, the four contracts it currently holds with federal agencies will be terminated, one as early as July 31, 2006, and the remaining three over the course of the next three months.  See Compl. ¶ 42.  On this request for a temporary restraining order, only the first of four contracts presents any issue of imminence.

While economic loss of this nature is undeniably an injury, it does not, "in and of itself, constitute irreparable harm." Wisconsin Gas Co. v. Federal Reg. Comm'n et al., 758 F.2d 669, 674

(D.C. Cir. 1985). Instead, "monetary loss may constitute irreparable harm only where the loss threatens the very existence of movant's business." Id. (quoting Holiday Tours, 559 F.2d at 843 n.2). Although Plaintiffs allege that their ability to contract with the federal government is central to their business, they concede that they have also contracted with private entities and, for well over two years, operated without any federal contracts at all. See Compl. ¶¶ 17-23. It appears, therefore, that however bad it may be for their bottom line, the loss of one government contract imminently and a total of four government contracts ultimately is not likely to ruin Plaintiffs' business.

Second, and more importantly, Plaintiffs have not established a likelihood of success on the merits of their claim. Debarment is a discretionary power lodged exclusively within the executive branch. See 48 C.F.R. § 9.402. Judicial review of debarment actions is governed by the highly deferential standard embodied in the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). Pursuant to that standard, a court may set aside such action only in cases where debarment was "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Robinson v. Cheney, 876 F.2d 152, 155 (D.C. Cir. 1989) (quoting Citizens to Preserve Overton Park v. Volpe, 401 U.S. 413-16 (1971)).

The Government argues that because Maria Canales pled guilty to making a false writing in violation of 18 U.S.C. § 1018, her

**4**

debarment, and that of Plaintiff M Squared Strategies, a corporation she controls, was lawful. In support of that argument, the Government points to 48 C.F.R. § 9.406-2, which states that a contractor may be debarred for a "conviction of or civil judgment for," inter alia, "making false statements." See 48 C.F.R. § 9.406-2(a)(3). Canales's plea appears to constitute a legitimate basis for her debarment pursuant to that provision. On the deferential standard of review that the Court is bound to apply here, and given the governing regulations, the Court cannot find on the evidence before it that the Government's action was arbitrary, capricious, an abuse of discretion, or not in accordance with law. At this preliminary stage of the litigation, therefore, Plaintiffs have not shown a likelihood of success on the merits.

Third, and finally, the Court finds that there is no appreciable public interest in granting preliminary injunctive relief in this case.[1] While Plaintiffs argue that the an injunction is necessary to preserve the "orderly, efficient, and expeditious procurement" of public funds, see Pls.' Mot. for Temporary Restraining Order and Preliminary Injunction at 10, there is simply no reason to think that denial of Plaintiffs' Motion will interfere with government contracting in any meaningful way.

Accordingly, it is hereby

---

[1] Because the Court denies injunctive relief here, it need not address the burdens such relief might pose on Defendants.

**ORDERED** that Plaintiffs' Motion is **denied;** and it is further

**ORDERED** that, no later than **August 11, 2006,** the parties shall file a joint <u>praecipe</u> indicating how they wish to proceed in this case.

July 28, 2006  /s/
6:07 p.m.  PAUL L. FRIEDMAN
  U.S. DISTRICT JUDGE

<u>**Copies to**</u>: **attorneys on record via ECF**