IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA CANALES and M SQUARED STRATEGIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HENRY M. PAULSON, SECRETARY OF THE UNITED STATES DEPARTMENT OF TREASURY, et al.,<br><br>Defendants. | Civil Action No: 1:06CV01330 (GK) |

## PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

Plaintiffs, MARIA CANALES, hereinafter "Canales," and M SQUARED STRATEGIES, INC., hereinafter "M Squared," by and through their undersigned counsel, hereby move this Court for an Order permitting them to serve the attached Notice of Deposition *Duces Tecum* (attached hereto as Exhibit A) directed to Thomas A Sharpe, Jr., Debarring Official, Office of the Procurement Director, United States Department of the Treasury, before the parties have conferred as required by Fed. R. Civ. P. 26(f). In support thereof, Plaintiffs state as follows:

### INTRODUCTION AND BACKGROUND

Plaintiffs bring this action to set aside the Debarment Notice issued by the Department of Treasury on June 27, 2006. Immediately after filing their Complaint for declaratory and injunctive relief, Plaintiffs filed their Motion for a Temporary Restraining Order and a Preliminary Injunction ("Plaintiffs' Motion for TO/PI") to enjoin the enforcement of the June 27, 2006 Debarment Notice. This Court denied Plaintiffs' Motion on July 28, 2006, without a

1

hearing, and on August 2, 2006, Plaintiffs filed a Motion for Reconsideration of the Memorandum Opinion and Order denying Plaintiffs' Motion ("Motion for Reconsideration").

Plaintiffs' Motion for TO/PI and Motion for Reconsideration seeks immediate injunctive relief explaining that the business and existence of M Squared itself and the business reputations of Canales and M Squared will suffer irreparable damage if injunctive relief is not granted. With the loss of Plaintiffs' contract with HPTi for the Department of Veterans Affairs, which was terminated on July 31, 2006 as a result of the unlawful Treasury debarment notice, and the impending loss of its contracts with the Department of Veterans Affairs and the Department of Energy, who have stated that they will transition these contracts to other contractors by mid-August if Treasury's debarment notice is not sooner enjoined, M Squared will be effectively destroyed.

Plaintiffs' Motions also demonstrate that the Treasury debarment notice was unlawful because (1) the Treasury debarment official lacked jurisdiction to issue a debarment order, (2) Treasury's alleged basis for the debarment was insufficient as a matter of law as it bore *no nexus whatsoever* to *anything* that Canales or M Squared did as a government contractor, and (3) the debarment was issued for an improper and impermissible purpose to punish Plaintiffs rather than to protect the government from dealing with irresponsible or inscrutable contractors, as is the policy behind debarments set forth in the FAR at 48 C.F.R. § 9.402.

## MEMORANDUM OF LAW

Under circumstances where a party seeks injunctive relief, expedited discovery is appropriate. The Advisory Committee Notes to Rule 26 expressly recognize that expedited discovery is appropriate where a party seeks preliminary injunctive relief:

> Discovery can begin earlier if authorized by ... order ...
> This will be appropriate in some cases, such as those
> involving requests for a preliminary injunction ....

Fed. R. Civ. P. 26 Advisory Committee's Notes (1993 amends.).

Expedited discovery is essential in this matter to enable Plaintiffs Canales and M Squared to obtain discovery prior to the hearing on its Motions for Reconsideration and for Injunctive Relief, and to prevent further injury. As a legal basis for expedited discovery, Plaintiffs incorporate herein its Motion for Reconsideration of Memorandum and Order Denying Plaintiffs' Motion for Temporary Restraining Order and Prelimanry Injunction, filed August 2, 2006.

WHEREFORE, Plaintiffs Maria Canales and M Squared respectfully request entry of an Order permitting service of the attached request for Notice of Deposition *Duces Tecum* directed to Thomas A Sharpe, Jr., Debarring Official, Office of the Procurement Director, United States Department of the Treasury, requiring Defendant to appear for deposition upon oral examination on Friday, August 11, 2006 at 9:30 a.m., or on such other date and time that this Court may order, and to produce all responsive documents requested in the Notice of Deposition *Duces Tecum*.

DATED: August 3, 2006

                                            Respectfully submitted,

                                            /s/   Steven D. Cundra
                                        By: One of their attorneys
                                        Steven D. Cundra, D.C. Bar No. 374074
                                        Amy Epstein Gluck, D.C. Bar No. 453525
                                        Nicholas M. Beizer, D.C. Bar No. 485894
                                        **HALL, ESTILL, HARDWICK, GABLE,**

**GOLDEN & NELSON, P.C.**
1120 20th Street, N.W.
Suite 700, North Building
Washington, D.C. 20036
(202) 973-1200
(202) 973-1212 (fax)

William W. Nickerson, D.C. Bar No. 386581
Attorney at Law
1725 I Street, N.W.
Suite 300
Washington, D.C. 20006
(202) 349-3877
(202) 349-32915 (Fax)

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2006, a copy of the foregoing documents were served via ECF to:

John C. Thuong
Assistant United States Attorney
555 4th Street, N.W.
Room E-4206
Washington, D.C. 20530

*Attorney for Defendants*

/s/   Steven D. Cundra
Steven D. Cundra

4