# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA CANALES and M SQUARED STRATEGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HENRY M. PAULSON, SECRETARY OF THE UNITED STATES DEPARTMENT OF TREASURY, et al., <br><br> Defendants. | Civil Action No: 1:06CV01330 (GK) |

**NOTICE OF DEPOSITION DUCES TECUM OF THOMAS A. SHARPE, JR.**

Please take notice that, pursuant to Fed. R. Civ. P. 30 and 34, Plaintiffs, Maria Canales and M Squared, by and through counsel, will take the testimony upon oral examination of Thomas A. Sharpe, Jr., Debarring Official, Office of the Procurement Director, United States Department of Treasury before a notary public qualified to give oaths in the District of Columbia at the time and place indicated below. The deposition is for the purpose of discovery or use as evidence in this action, or both, and will be taken pursuant to the Rules of this Court. The deponent is commanded to produce any and all documents listed on the attached exhibit at the time of the deposition (attached hereto as Exhibit 1).

Date:   Friday, August 11, 2006 at 9:30 a.m.

Place:  Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
        1120 20th Street, N.W.
        Suite 700, North Building
        Washington, D.C. 20036

DATED: August 3, 2006.

Respectfully submitted,

_____/s/\_\_\_Steven D. Cundra_____
By: One of their attorneys
Steven D. Cundra, D.C. Bar No. 374074
Amy Epstein Gluck, D.C. Bar No. 453525
Nicholas M. Beizer, D.C. Bar No. 485894
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
1120 20th Street, N.W.
Suite 700, North Building
Washington, D.C. 20036
(202) 973-1200
(202) 973-1212 (fax)

William W. Nickerson, D.C. Bar No. 386581
Attorney at Law
1725 I Street, N.W.
Suite 300
Washington, D.C. 20006
(202) 349-3877
(202) 349-32915 (Fax)

*Attorneys for Plaintiffs*

# EXHIBIT 1

# **EXHIBIT 1 - DOCUMENTS TO PRODUCE**

## **DEFINITIONS**

Unless otherwise stated, the following terms definitions apply to all of the requests:

    A.    "Occurrence" has the meaning ascribed to it in Plaintiff's Complaint.

    B.    "Plaintiffs" or "Maria Canales" or "M Squared Strategies, Inc." shall refer to the plaintiffs in this action. Any use of a party's full or abbreviated name or a pronoun referring to a party shall mean that party and its past and present officers, directors, agents, employees, consultants, attorneys and other persons acting or purporting to act on its behalf.

    C.    "Defendants" or "Henry M. Paulson, Secretary of the United States Department of Treasury," "Thomas A. Sharpe, Jr.," or "Dennis S. Schindle," shall refer to the defendants in this action. Any use of a party's full or abbreviated name or a pronoun referring to a party shall mean that party and its past and present officers, directors, agents, employees, consultants, attorneys and other persons acting or purporting to act on its behalf.

    D.    The word "Documents" is used in its broadest sense to include everything, whether or not still in existence, that is contemplated by the Federal Rules of Civil Procedure including, without limitation, paper documents and records, photographs, notes, journals, manuals, audio and video recordings, documents stored in electronic form, such as electronic mail, computer source code, object code and microcode, and documents stored on any media accessible by electronic means. A comment or notation appearing on any "document," and not a part of the original text, is to be considered a separate "document."

    E.    "Person" means any natural person or any business, legal, or governmental entity or association.

    F.    "Thing" means any tangible object other than a document.

G.  The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive. "Including" means "including but not limited to."

H.  The present tense includes the past and future tenses.

I.  The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

J.  "Concerning" means to make a statement about, refer to, discuss, describe, reflect, constitute, identify, deal with, consist of, establish, comprise, list, evidence, substantiate, or in any way pertain, in whole or in part, to the subject.

K.  "Communications" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, and by any medium.

L.  The use of a name herein to refer to an entity shall be construed to and include any other name used by that entity.

M.  Unless otherwise indicated, these Requests refer to the times period(s) mentioned in the Complaint.

## INSTRUCTIONS

N.  When producing a Document, indicate the paragraph of this set of requests for production of documents and things ("Request") to which that Document is responsive. The written answer to each request must repeat verbatim, immediately before each answer, the request being answered.

O.  Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the material intelligible.

P.  If, after exercising due diligence to secure the information requested, you cannot fully answer a Request or any part thereof, state the reasons for your inability to fully answer, answer the Request to the fullest extent possible, and state what information, knowledge, or belief you have concerning the unanswered portion.

Q.  For any information withheld based on any ground, including privilege, provide a written statement setting forth: (1) the identity of all person(s) from and to whom the information has been communicated; (2) the tangible form in which the information is embodied; (3) a brief description of the subject matter of the information to determine whether the claim of privilege is proper; and (4) the legal ground upon which you rely for withholding the information. When a document or thing contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.

R.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

S.  If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden and expense of the proposed discovery.

T.  When producing Documents and Things, furnish all Documents and Things known or available to you, regardless of whether such Documents and Things are possessed directly by you or by any of your officers, directors, employees, investigators, agents, representatives or attorneys, as well as any other Documents and Things in your custody or control.

U.   File folders with tabs or labels identifying Documents called for by this Request must be produced intact with such Documents.

V.   Selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner so as to insure that the source of each Documents may be determined, if necessary.

W.   Documents attached to each other must not be separated.

X.   Where a time period is not specified, the request calls for the production of all Documents and Things.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.   The administrative file regarding the debarment decision of June 27, 2006 to debar Maria Canales and/or M Squared Strategies, Inc.

2.   All documents received or reviewed by you, whether or not relied upon, in making your decision of June 27, 2006 to debar Maria Canales and/or M Squared Strategies, Inc.

3.   All documents relied upon by you in support of your decision of June 27, 2006 to debar Maria Canales and/or M Squared Strategies, Inc.

4.   A copy of all correspondence or other communications between you, on the one hand, and the officials or employees of the OIG, U.S. Department of Treasury or any other person, on the other hand, regarding your initiation, consideration of and ultimate determination to debar Maria Canales and/or M Squared Strategies, Inc..

5.   A copy of any and all statements concerning this case or any fact, allegation, or occurrence that is the subject of this case, which were made by and/or prepared by any party to this case or on such party's behalf.

6.  Any and all debarment policies and procedures regarding the institution of debarment proceedings and decisions to debar or to not debar a government contractor.

7.  Any and all documents concerning M Squared Strategies, Inc..