UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARIA CANALES, ET AL., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Civ. No. 06-1330 (GK) |
| v. | ) | ECF |
| | ) | |
| HENRY M. PAULSON, SECRETARY, | ) | |
| DEPT. OF TREASURY, ET AL. | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR EXPEDITED DISCOVERY**

**I.   Introduction.**

Plaintiffs, Ms. Maria Canales and M Squared Strategies Inc., filed this action under the Administrative Procedure Act (Complaint ("Compl.") at ¶ 6) to set aside Defendants' debarment of Plaintiffs from participation in federal government procurement programs. Concurrent with the Complaint, Plaintiffs also moved for a Temporary Restraining Order or Preliminary Injunction ("TRO/PI"), which was denied. See July 28, 2006 Memorandum Opinion and Order (Dkt. No. 4). On August 2, 2006, Plaintiffs moved for reconsideration of the denial of the TRO/PI and, on the next day, moved for expedited discovery.

Plaintiffs' Motion for Expedited Discovery seeks to depose Mr. Thomas A. Sharpe, the official who debarred Plaintiffs, and the documents underlying the debarment decision. See Plaintiffs' Discovery Mot. at Exhs A and 1 (Dkt. No. 6). Plaintiffs argue that they need the discovery for purposes of their Motion for Reconsideration and for Injunctive Relief. See Pl. Discovery Mot. at 3. However, Plaintiff informed the Court and the undersigned at the August

1

9, 2006 telephonic conference that they have now withdrawn their reconsideration motion and now only move for Preliminary Injunction. <u>See also</u> August 9, 2006 Minute Order.

Plaintiffs' Motion for Expedited Discovery lacks merit. As shown below, Plaintiffs violated Local Rule 7(m) by failing to confer with the undersigned prior to filing the discovery motion. More importantly, Plaintiffs' Motion should be denied because discovery is generally not allowed in APA cases, and there is no valid basis to depart from this general rule here. For these reasons, the Court should deny Plaintiff's Motion for Expedited Discovery.

**II.    Argument.**

      **A.    Failure to Comply with Local Rule 7(m).**

Local Rule 7(m) requires that, "Before filing any nondispositive motion in a civil action, *counsel shall discuss the anticipated motion with opposing counsel*, either in person or by telephone. . . . A party shall include in its motion *a statement that the required discussion occurred, and a statement as to whether the motion is opposed*." LCvR 7(m) (emphasis added). Here, Plaintiffs' counsel did not confer with the undersigned prior to filing the Motion for Expedited Discovery. Furthermore, Plaintiff's Motion does not contain a "statement" detailing whether "the motion is opposed." On this basis alone, the Court may deny Plaintiffs' Motion for Expedited Discovery.

      **B.    There Is No Discovery in APA Cases.**

The Administrative Record in this case will contain all of the material necessary for this Court's disposition of the claims raised in Plaintiffs' Application for Preliminary Injunction and Complaint. Because this case arises under the Administrative Procedure Act ("APA"), discovery is only permitted in strictly limited circumstances which do not exist in this case.

It is a matter of well-settled law that judicial review pursuant to the APA's "arbitrary and capricious" standard is confined to the administrative record. "'[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" Florida Power & Light v. Lorion, 470 U.S. 729, 743 (1985), quoting Camp v. Pitts, 411 U.S. 138, 142 (1973); see also Environmental Defense Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981) ("It is well settled law that judicial review of agency action is normally confined to the full administrative record before the agency at the time the decision was made.") (emphasis added). "The task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court." Florida Power, 470 U.S. at 743-44. "The reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." Id. at 744. "If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." National Treasury Employees Union v. Hove, 840 F. Supp. 165, 168 (D.D.C. 1994) (quoting Walter O. Boswell Mem. Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984)).

Because judicial review is limited to the administrative record and de novo inquiry is inappropriate, "the general rule is that discovery is not permitted prior to a court's review of the agency action" under the APA. National Law Ctr. on Homelessness & Poverty v. Department of Veterans Affairs, 736 F. Supp. 1148, 1152 (D.D.C. 1990). Supplementing the administrative record "is the exception not the rule." Motor & Equip. Mfrs. Ass'n v. Environmental Protection Agency, 627 F.2d 1095, 1105 n. 18 (D.C. Cir.1979). Discovery is only allowed in two limited

3

circumstances: (1) where there has been a "strong showing of bad faith or improper behavior;" or (2) where "discovery provides the only possibility for effective judicial review and when there have been no contemporaneous administrative findings." See Community for Creative Non-Violence v. Lujan, 908 F.2d 992, 997 (D.C. Cir. 1990) ("CCNV"); see also Saratoga Dev. Corp. v. United States, 21 F.3d 445, 458 (D.C. Cir. 1994) (no error in exclusion of certain reports from record even though reports formed the basis of advice given to decisionmaking agency in a disappointed bidder case). "[S]hould the court find that the complete administrative record is factually deficient, the proper course is not to allow . . . extensive discovery, but to . . . remand [the agency's] decision . . . for factual development." National Law Ctr., 736 F. Supp. at 1153; National Petroleum Refiners Ass'n v. Federal Trade Comm'n, 392 F. Supp. 1052, 1054 (D.D.C. 1974) (holding that even in the "sharply limited situations" where courts have granted discovery, it was only after they determined on review that the administrative record was inadequate); see also Florida Power, 470 U.S. at 744. "[O]nly in the rare case in which the record is so bare as to frustrate effective judicial review will discovery be permitted under the second exception." CCNV, 908 F.2d at 998.

 In this case, the narrow issue for the Court to decide is whether Mr. Sharpe – the debarring official –  acted arbitrarily and capriciously when he debarred Plaintiffs from participating in federal procurement programs for three years. In this vein, on August 15, 2006, Defendants provided Plaintiffs with the Administrative Record on a CD-ROM. The Administrative Record contains the documents that form the bases for Mr. Sharpe's decision to debar Plaintiffs. Given this Administrative Record, there is no need for any discovery in this case. Therefore, the Court should deny Plaintiffs' Motion for Expedited Discovery.

Dated: August 17, 2006.                    Respectfully Submitted,


   /s/   Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA CANALES, ET AL., ) | |
| ) | |
| Plaintiffs ) | |
| ) | Civ. No. 06-1330 (GK) |
| v. ) | ECF |
| ) | |
| HENRY M. PAULSON, SECRETARY, ) | |
| DEPT. OF TREASURY, ET AL. ) | |
| Defendants. ) | |
| _____) | |

**ORDER DENYING PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

Upon consideration of Plaintiffs' Motion for Expedited Discovery, Defendants' Opposition, and the entire record herein, it is this _____ day of _____, 2006,

ORDERED that Plaintiffs' Motion for Expedited Discovery be and is hereby DENIED.

SO ORDERED.

_____

U.S. District Judge