UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA CANALES, ET AL., )<br>)<br>   Plaintiffs )<br>) <br>   v. )<br>)<br>HENRY M. PAULSON, SECRETARY, )<br>DEPT. OF TREASURY, ET AL. )<br>   Defendants. )<br>_____) | Civ. No. 06-1330 (GK)<br>ECF |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
NOT IN GENUINE DISPUTE**

Pursuant to Local Rules 7(h) and 56.1, Defendants hereby submit the following Statement of Material Facts Not In Genuine Dispute:

1. Plaintiff Maria Canales worked for the U.S. Department of the Treasury from June 1999 to October 2002. Administrative Record ("A.R.") at CAN000107; Affidavit of Maria Canales ("Canales Decl.") at ¶ 6-7 (dated July 28, 2006).

2. In March 2002, the Treasury Department's Office of Inspector General ("OIG") initiated an investigation into Ms. Canales' receipt of certain gifts from a male consultant, who was representing companies seeking contracts with the Treasury Department. A.R. at CAN00108.

3. In October 2002, Ms. Canales resigned from the Treasury Department and in January 2003, she started M Squared Strategies, Inc., a technology consulting services company. Canales Decl. at ¶ 6-8.

4. As a result of the OIG's investigation, on April 19, 2004, Ms. Canales pled guilty to making a false writing in violation of 18 U.S.C. § 1018. A.R. at CAN00108, Canales Decl. at ¶

1

10-11.

5.     On November 29, 2005, the Debarring Official issued a notice to Ms. Canales proposing to debar her from participating in federal government procurement programs. Declaration of Thomas Sharpe ("Sharpe Decl.") at ¶ 3; A.R. at CAN0014-15.

6.     Ms. Canales had 30 days to submit documents opposing the proposed debarment. A.R. at CAN0014.

7.     Ms. Canales' counsel sought and received extensions of time to file submissions opposing the proposed debarment. A.R. at CAN0001-04.

8.     On January 25, 2006, Ms. Canales' counsel submitted a four-page letter setting forth the factual and legal bases against debarment. A.R. at CAN00102-106.

9.     The Debarring Official allowed Ms. Canales to submit additional responses opposing the proposed debarment. A.R. at CAN0006.

10.    On March 17, 2006, Ms. Canales' counsel submitted another 6-page letter, with supporting documentation, setting forth the factual and legal bases against debarment. A.R. at CAN00107-112.

11.    On June 27, 2006, the Debarring Official issued a debarment notice against Ms. Canales. A.R. at CAN0011-12; Sharpe Decl. at ¶ 4. Ms. Canales was debarred because of her conviction. A.R. at CAN0011-12.

12.    On that same day, the Debarring Official also issued a debarment notice against Ms. Canales' company, M Squared Strategies, Inc. Sharpe Decl. at ¶ 5.

13.    The Debarring Official only considered documents and arguments submitted by Ms. Canales and the OIG's Report of Investigation in making his decision. Sharpe Decl. at ¶ 4. The

Debarring Official did not become aware of the OIG's two SARs to Congress until "after [he] made and issued the debarment determination in June 2006." Sharpe Decl. at ¶ 6.

14. Ms. Canales is the sole stockholder, owning 100% of M Squared's interests, and she is also its Chief Executive Officer. Canales Decl. at ¶ 8; A.R. at CAN00110.

15. M Squared had serviced contracts for both the private and federal government sectors. Canales Decl. at ¶9, 12.

Dated: August 23, 2006.                             Respectfully Submitted,


   /s/   Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendants