UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIA CANALES, ET AL.,           )
                                 )
    Plaintiffs                   )
                                 )   Civ. No. 06-1330 (GK)
v.                               )   ECF
                                 )
HENRY M. PAULSON, SECRETARY,     )
DEPT. OF TREASURY, ET AL.        )
    Defendants.                  )
_____)

**AFFIDAVIT OF MR. RICHARD K. DELMAR**

I, Richard K. Delmar, make the following statements based on upon my personal knowledge and on my review of documents kept in the course of business.

1. I am the Counsel to the Inspector General in the Department of the Treasury's Office of Inspector General (OIG), and have served in this position since February, 2000.

2. Under the Inspector General Act of 1978, as amended, 5 U.S.C.A. Appendix 3, the OIG is established as an independent and objective unit within the Department of the Treasury, charged with conducting and supervising audits and investigations relating to the programs and operations of the Department.

3. The OIG is subject to the supervision of the Secretary of the Treasury through the Deputy Secretary, and its activities cannot be controlled by any other official of the Department. In

addition, the OIG is required to report its work to Congress, which it does in Semi-Annual Reports (SARs) issued in April and October of each year.

4. In February 2002 the Treasury OIG's Office of Investigations initiated an investigation of Plaintiff Maria Canales, who was an employee of the Department, in response to allegations that she had accepted gifts from a potential contractor.

5. In April 2004, as a result of the OIG's investigation, Plaintiff Canales pled guilty to a violation of 18 U.S.C. § 1018 for making a false statement to the OIG in the course of its investigation. In July 2004 she was sentenced to probation, a fine, and community service.

6. In our SARs for the periods October 1, 2003 through March 31, 2004, and April 1, 2004 through September 30, 2004, the OIG reported that Plaintiff Canales had agreed to be, and then had been debarred for life from contracting with the U.S. Government, following her guilty plea.

7. After the plea and sentencing, in September 2004, the OIG completed its Report of Investigation (ROI) and submitted it to the Department's Acting Procurement Executive, and Acting Assistant Secretary for Management. The ROI requested the recipients to provide information on any administrative action they took with respect to Plaintiff Canales. The ROI did not recommend any particular course of action.

8. In August 2005 I received an inquiry from an individual who had a pending Freedom of Information Act (FOIA) regarding the above-referenced investigation. The inquiry related to a

statement in the OIG's October 2004 SAR to the effect that Plaintiff Canales had entered a guilty plea and been debarred for life. At this point I determined that this was an inaccurate statement, and so informed the FOIA requester.

9.  Later in August 2005 the OIG Hotline received an inquiry about the "debarred for life" report in the SAR. The inquiry also stated that Plaintiff Canales had a contract with the Department of Veterans' Affairs. In early September 2005 the OIG responded, stating that the "debarred for life" report was erroneous, and that Plaintiff Canales had not in fact been debarred. I provided the Hotline inquiry, and the OIG's response, to the attorney in the Department's Office of General Counsel who was responsible for providing legal advice to the Department's debarring official.

10.  To the best of my knowledge, no employee of the OIG other than me contacted the Department with regard to its response to the ROI. My purpose in making these contacts was to determine what, if any, action the Department was going to take in response to the ROI, and to convey the fact of the Hotline inquiry and the OIG's response.

11.  As a result of the two above-referenced inquiries received in August 2005, the OIG determined that its SARs for the periods October 1, 2003 through March 31, 2004, and April 1, 2004 through September 30, 2004, had erroneously reported that Plaintiff Canales had agreed to be, and then had been debarred for life from contracting with the U.S. Government.

12.   As of this date, I have been unable to determine how these erroneous statements in the SARs came to be made.

13.   The OIG intends to report, in its next regularly-scheduled SAR, covering the period April 1, 2006 through September 30, 2006 (to be issued in October 2006), that Plaintiffs have been debarred for a period of three years, correct the erroneous statements in the earlier two SARs, and express its regret for the errors.

In accordance with Title 28 United States Code Section 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on _August 18, 2006_

_Richard K. Delmar_
Richard K. Delmar

**Brown, Jr., Clifton L.**

From: Delmar, Richard K.
Sent: Tuesday, August 09, 2005 11:31 AM
To: Brown, Jr., Clifton L.
Subject: FW: FCW

Clif – this is re the Canales case. Were we premature to say in the SAR that she was debarred from contracting with USG, since I though the Procurement Executive and OGC were still considering that issue. Can we discuss?

-----Original Message-----
From: David Perera [mailto:dperera@fcw.com]
Sent: Tuesday, August 09, 2005 11:28 AM
To: delmarr@oig.treas.gov
Subject: FCW

Hello Mr. Delmar,

I'm following up on my December 22 FOIA request for access to and copies of a report of investigation initiated in March 2002 that examined whether was a connection between gifts made by a private sector consultant to an official in the Office of the Chief Information Officer (OCIO) and the March 2002 award of a $1.5 million subcontract as part of $5.7 million made available to the OCIO for software and consulting services.

In a Treasury Office of Inspector General Semiannual Report dated September 2004, there is a paragraph titled "Former Acting Treasury CIO Sentenced for Making False Statement and Debarred for Life." Included in that paragraph is the statement that the former acting CIO "has been debarred for life from doing business with the federal government." Would it be correct to interpret this information as a final statement of fact that the former CIO has been debarred from conducting any business, as a consultant or otherwise, with the federal government? If so, is this statement of debarment a consequence of the false statement the former CIO made regarding the acceptance of various gratuities including jewelry and the use of a time-share rental property? If so, is there any relation between the act itself of accepting gratuities and the former CIO's debarment? If true, is it under the authority of the Treasury I.G. that this debarment is enacted?

Federal Computer Week wishes only to print articles after the full extent of the truth is known. Hence, our real wish is that our Dec. 22 FOIA request for the final report of investigation be fulfilled in the most time-efficient manner possible, in the very near future.

Sincerely,

Dave Perera

---

David Perera
Senior Reporter, Federal Computer Week
tel: 703 876 5124
cell: 202 302 5837
fax: 703 876 5126

3141 Fairview Park Dr., Suite 777
Falls Church, VA 22042

DELMAR ATTACHMENT A

## Delmar, Richard K.

**From:** David Perera [dperera@fcw.com]
**Sent:** Tuesday, August 09, 2005 11:59 AM
**To:** Delmar, Richard K.
**Subject:** RE: FCW

Hi Rich; thanks. – Dave Perera

---

David Perera
Federal Computer Week
703 876 5124
dperera@fcw.com

---

**From:** Delmar, Richard K. [mailto:DelmarR@oig.treas.gov]
**Sent:** Tuesday, August 09, 2005 11:48 AM
**To:** David Perera
**Subject:** RE: FCW

It was inaccurate to say in the SAR that the employee had been debarred from doing any business with the Government. The matter of possible debarment is being reviewed within the Department as a result of our report; to my knowledge no final determination has been made, which is why we carry the case as still open.

>-----Original Message-----
>**From:** David Perera [mailto:dperera@fcw.com]
>**Sent:** Tuesday, August 09, 2005 11:28 AM
>**To:** delmarr@oig.treas.gov
>**Subject:** FCW
>
>Hello Mr. Delmar,
>
>I'm following up on my December 22 FOIA request for access to and copies of a report of investigation initiated in March 2002 that examined whether was a connection between gifts made by a private sector consultant to an official in the Office of the Chief Information Officer (OCIO)

Page 2 of 2

and the March 2002 award of a $1.5 million subcontract as part of $5.7 million made available to the OCIO for software and consulting services.

In a Treasury Office of Inspector General Semiannual Report dated September 2004, there is a paragraph titled "Former Acting Treasury CIO Sentenced for Making False Statement and Debarred for Life." Included in that paragraph is the statement that the former acting CIO "has been debarred for life from doing business with the federal government." Would it be correct to interpret this information as a final statement of fact that the former CIO has been debarred from conducting any business, as a consultant or otherwise, with the federal government? If so, is this statement of debarment a consequence of the false statement the former CIO made regarding the acceptance of various gratuities including jewelry and the use of a time-share rental property? If so, is there any relation between the act itself of accepting gratuities and the former CIO's debarment? If true, is it under the authority of the Treasury I.G. that this debarment is enacted?

Federal Computer Week wishes only to print articles after the full extent of the truth is known. Hence, our real wish is that our Dec. 22 FOIA request for the final report of investigation be fulfilled in the most time-efficient manner possible, in the very near future.


Sincerely,


Dave Perera


---

David Perera
Senior Reporter, Federal Computer Week
tel: 703 876 5124
cell: 202 302 5837
fax: 703 876 5126

3141 Fairview Park Dr., Suite 777
Falls Church, VA 22042

dperera@fcw.com

## Brown, Jr., Clifton L.

**From:** Brown, Jr., Clifton L.
**Sent:** Wednesday, September 07, 2005 8:59 AM
**To:** Delmar, Richard K.; Hoecker, Carl W.
**Cc:** Everetts, Jr., Kenneth R.
**Subject:** FW: Mayi Canales is violating her plea agreement

FYI.

-----Original Message-----
From: Brown, Jr., Clifton L.
Sent: Wednesday, September 07, 2005 8:49 AM
To: 'John Breslin'
Subject: RE: Mayi Canales is violating her plea agreement

Mr. Breslin:

    This is in response to your e-mail. The Treasury OIG did report that the Subject had been debarred for life; however, this statement was made in error. The Subject's conviction was reported to the Department of Treasury for appropriate action, which can include suspension or debarment. We will bring the information you provided to the attention of appropriate Department officials. Thank you for bringing this matter to our attention.

    The Treasury Hotline

-----Original Message-----
From: John Breslin [mailto:uofs76@yahoo.com]
Sent: Thursday, August 25, 2005 7:42 AM
To: Hotline@oig.treas.gov
Subject: Mayi Canales is violating her plea agreement

In the IGs March 2004 report, you reported that former Acting CIO, Mayi Canales had been debarred for life from doing business with the Federal Government.

Mayi has a very lucrative contract with the Vetrans Administration. When asked about her 'banned for life' status, she says that it was a 'misunderstanding'.

Also, I have looked at the EPLS.gov lists of banned contractors and I do not see Mayi's name there.

Any clarification that you can offer would be appreciated. If she is banned, it should be enforced.
 If she isn't, it would be good to know that.

Thanks,

John Breslin

---

Yahoo! Mail
Stay connected, organized, and protected. Take the tour:
http://tour.mail.yahoo.com/mailtour.html

DELMAR ATTACHMENT B

**Brown, Jr., Clifton L.**

| | |
|---|---|
| From: | Delmar, Richard K. |
| Sent: | Wednesday, September 07, 2005 11:22 AM |
| To: | Brown, Jr., Clifton L.; Hoecker, Carl W. |
| Cc: | Everetts, Jr., Kenneth R. |
| Subject: | RE: Mayi Canales is violating her plea agreement |

I talked to Bill Murphy this morning before the SMG, and forwarded this email package to him, stressing the need for fast action. We'll see...

-----Original Message-----
From: Brown, Jr., Clifton L.
Sent: Wednesday, September 07, 2005 8:56 AM
To: Delmar, Richard K.; Hoecker, Carl W.
Cc: Everetts, Jr., Kenneth R.
Subject: FW: Mayi Canales is violating her plea agreement

FYI.

-----Original Message-----
From: Brown, Jr., Clifton L.
Sent: Wednesday, September 07, 2005 8:49 AM
To: 'John Breslin'
Subject: RE: Mayi Canales is violating her plea agreement

Mr. Breslin:

   This is in response to your e-mail. The Treasury OIG did report that the Subject had been debarred for life; however, this statement was made in error. The Subject's conviction was reported to the Department of Treasury for appropriate action, which can include suspension or debarment. We will bring the information you provided to the attention of appropriate Department officials. Thank you for bringing this matter to our attention.

   The Treasury Hotline

-----Original Message-----
From: John Breslin [mailto:uofs76@yahoo.com]
Sent: Thursday, August 25, 2005 7:42 AM
To: Hotline@oig.treas.gov
Subject: Mayi Canales is violating her plea agreement

In the IGs March 2004 report, you reported that former Acting CIO, Mayi Canales had been debarred for life from doing business with the Federal Government.

Mayi has a very lucrative contract with the Vetrans Administration. When asked about her 'banned for life' status, she says that it was a 'misunderstanding'.

Also, I have looked at the EPLS.gov lists of banned contractors and I do not see Mayi's name there.

Any clarification that you can offer would be appreciated. If she is banned, it should be enforced.
 If she isn't, it would be good to know that.

Thanks,

John Breslin

---

Yahoo! Mail
Stay connected, organized, and protected. Take the tour:
http://tour.mail.yahoo.com/mailtour.html

DELMAR ATTACHMENT C