UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIA CANALES, ET AL., )
)
    Plaintiffs )
) Civ. No. 06-1330 (GK)
v. ) ECF
)
HENRY M. PAULSON, SECRETARY, )
DEPT. OF TREASURY, ET AL. )
    Defendants. )
_____)

**DECLARATION OF MR. THOMAS A. SHARPE, Jr.**

I, Thomas A. Sharpe, Jr., make the following statements based on upon my personal knowledge and on my review of documents kept in during the course of business:

1.     I am the Deputy Assistant Secretary for Headquarters Operations (I assumed position on acting basis in September, 2005 and permanently in February, 2006) and Senior Procurement Executive (I assumed position in January 2005) of the Department of the Treasury. As such, I am the Department's Debarring Official. My authority is derived from the Secretary of the Treasury pursuant to Treasury Department Order 101-30 and Treasury Directive 12-11. The Inspector General is an independent officer pursuant to the provisions of the Inspector General Act of 1978, as amended, 5 U.S.C. App. 3. Section 3 of Appendix 3 provides that the Inspector General is subject only to the general supervision of the head of the agency and does not report to, and is not subject to the supervision, of any officer below the head of the agency. I do not report to the Inspector General. In my chain of command, I report to the Assistant Secretary for

Management and Chief Financial Officer.

2.      In my capacity as the Department's Debarring Official, I received a referral from the Department's Inspector General, dated September 30, 2004, forwarding a Report of Investigation into the criminal conviction of a former Treasury official, Maria (Mayi) Canales. This referral was received prior to my assumption of my current position. Subsequently, after I assumed my responsibilities as the Department's Senior Procurement Executive, I began to look into the matter.

3.      On November 29, 2005, I issued a notice to Ms. Canales that I was initiating proceedings to debar her from participating in United States Government procurement activities pursuant to Federal Acquisition Regulation (FAR) 9-406-3 et seq. (The FAR is published in Title 48, Code of Federal Regulations, Chapter 1). In that notice I advised Ms. Canales that that she could submit information and argument in opposition to the proposed debarment and that I would make my determination based on the pertinent documentation available for my review.

4.      Ms. Canales, through counsel, submitted documents and argument in opposition to the proposed debarment. I considered these documents and argument in reaching my decision reflected in my June 27, 2006 Notice of Debarment. My decision was base solely on the information contained in the Report of Investigation and the materials and arguments supplied by Ms. Canales.

5.      Ms. Canales represented in her submissions that she was the sole owner and operator of

M Squared Strategies, Incorporated. Also on June 27, 2006, I issued a Notice of Debarment to M Squared Strategies, Inc.

6. I became aware that the Inspector General incorrectly reported that Ms. Canales had consented to a "lifetime" debarment in its semi-annual reports to Congress. I acquired this information after I made and issued the debarment determination in June of 2006 and did not consider these reports in initiating or imposing debarment.

In accordance with Title 28 United States Code Section 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on _22 Aug 06_

Thomas A. Sharpe, Jr.