## Delmar, Richard K.

**From:** David Perera [dperera@fcw.com]
**Sent:** Tuesday, August 09, 2005 11:59 AM
**To:** Delmar, Richard K.
**Subject:** RE: FCW

Hi Rich; thanks. – Dave Perera

---

David Perera
Federal Computer Week
703 876 5124
dperera@fcw.com

---

**From:** Delmar, Richard K. [mailto:DelmarR@oig.treas.gov]
**Sent:** Tuesday, August 09, 2005 11:48 AM
**To:** David Perera
**Subject:** RE: FCW

It was inaccurate to say in the SAR that the employee had been debarred from doing any business with the Government. The matter of possible debarment is being reviewed within the Department as a result of our report; to my knowledge no final determination has been made, which is why we carry the case as still open.

>-----Original Message-----
>**From:** David Perera [mailto:dperera@fcw.com]
>**Sent:** Tuesday, August 09, 2005 11:28 AM
>**To:** delmarr@oig.treas.gov
>**Subject:** FCW

ATTACHMENT 1
(unredacted)

Hello Mr. Delmar,

I'm following up on my December 22 FOIA request for access to and copies of a report of investigation initiated in March 2002 that examined whether was a connection between gifts made by a private sector consultant to an official in the Office of the Chief Information Officer (OCIO)

and the March 2002 award of a $1.5 million subcontract as part of $5.7 million made available to the OCIO for software and consulting services.

In a Treasury Office of Inspector General Semiannual Report dated September 2004, there is a paragraph titled "Former Acting Treasury CIO Sentenced for Making False Statement and Debarred for Life." Included in that paragraph is the statement that the former acting CIO "has been debarred for life from doing business with the federal government." Would it be correct to interpret this information as a final statement of fact that the former CIO has been debarred from conducting any business, as a consultant or otherwise, with the federal government? If so, is this statement of debarment a consequence of the false statement the former CIO made regarding the acceptance of various gratuities including jewelry and the use of a time-share rental property? If so, is there any relation between the act itself of accepting gratuities and the former CIO's debarment? If true, is it under the authority of the Treasury I.G. that this debarment is enacted?

Federal Computer Week wishes only to print articles after the full extent of the truth is known. Hence, our real wish is that our Dec. 22 FOIA request for the final report of investigation be fulfilled in the most time-efficient manner possible, in the very near future.


Sincerely,


Dave Perera


---

David Perera
Senior Reporter, Federal Computer Week
tel: 703 876 5124
cell: 202 302 5837
fax: 703 876 5126

3141 Fairview Park Dr., Suite 777
Falls Church, VA 22042

dperera@fcw.com

Page 1 of 1

## Brown, Jr., Clifton L.

| | |
|---|---|
| **From:** | Delmar, Richard K. |
| **Sent:** | Tuesday, July 19, 2005 11:50 AM |
| **To:** | eileen.mcglinn@do.treas.gov; Patricia.Pointer@do.treas.gov |
| **Cc:** | Brown, Jr., Clifton L. |
| **Subject:** | status of OIG referral |

On 9/30/04 the OIG referred a report of investigation (case # 2002-0256) regarding former Acting CIO Canales to then-Acting ASM Delgado-Jenkins and to Acting Procurement Executive McGlinn.
I have a pending FOIA request for the report, which I cannot answer while the case is carried as open in our inventory. I am writing to ask if you can tell me the status of the matter in your respective offices. My phone number is 927-3973. Thank you for your help.

ATTACHMENT 2
(supplemental document to
the Delmar Affidavit)

8/3/2006

### Brown, Jr., Clifton L.

**From:** Delmar, Richard K.
**Sent:** Wednesday, February 08, 2006 3:00 PM
**To:** William.Murphy@do.treas.gov
**Cc:** Swanstrom, Nick D.; Brown, Jr., Clifton L.
**Subject:** RE: Canales

I think it's appropriate, and consistent with the routine uses. I'd appreciate your saying in the transmittal that it's provided solely in connection with the current matter, and any other proposed dissemination or use must be cleared by the OIG. And can you copy me on the transmittal?

Rich Delmar
Counsel to the Inspector General
Department of the Treasury
Desk: (202) 927-3973
Cell: (202) 528-8997

> -----Original Message-----
> **From:** William.Murphy@do.treas.gov [mailto:William.Murphy@do.treas.gov]
> **Sent:** Wednesday, February 08, 2006 2:19 PM
> **To:** delmarr@oig.treas.gov
> **Subject:** Canales
>
>
> Any reaction to the idea of giving her a copy of the report?
>
> William L. Murphy
>
> Senior Counsel for Technology

ATTACHMENT 3
(supplemental document to
the Delmar Affidavit)

8/2/2006