**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
MARIA CANALES and M SQUARED  )
STRATEGIES, INC.,                       )
                                            )
    Plaintiffs,                             )
                                            )
v.                                          )   Civil Action No: 1:06CV01330 (GK)
                                            )
HENRY M. PAULSON,                   )
SECRETARY OF THE UNITED STATES )
DEPARTMENT OF TREASURY, *et al*.,  )
                                            )
    Defendants.                           )
_____)

**PLAINTIFFS' STATEMENT MATERIAL FACTS NOT IN GENUINE DISPUTE IN
SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

    Pursuant to Local Rules 7(h) and 56.1, Plaintiffs hereby submit the following Statement of Material Facts Not in Genuine Dispute:

    1.    Plaintiff Maria Canales worked for the U.S. Department of the Treasury from June 1999 to October 2002. Administrative Records ("A.R.") at CAN 0107; Affidavit of Maria Canales ("Canales Decl.") at ¶ 2 (dated July 28, 2006).

    2.    On February 25, 2002, the Treasury Department's Office of Inspector General ("OIG") initiated an investigation based on a complaint from a confidential source that Canales, then the U.S. Department of Treasury's ("Treasury") Chief Information Officer, was involved in unlawful procurement practices, to wit: the receipt of gifts and personal vacations from a personal friend (Neal) in exchange for "greatly influencing" the sole source award of a $5.7 Million IT contract to Booze Allen Hamilton ("BAH"), which included a $1.5 Million subcontract to a company ("Enterasys, Inc.") "represented by Neal." A.R. at CAN 0018-0019.

3. OIG agents interviewed Canales on June 6, 2002, and she acknowledged that she had received a vase from Neal, but she denied that she had accepted a personal gift of two blue emerald chips, valued at $800, A.R. at CAN 0019. She also denied any connection between any gifts and the award of the $5.7 Million BAH contract or BAH's subcontract with Enterasys, Inc. This interview was reduced to a written statement on that same day. A.R. at CAN 0042-0044.

4. In October 2002, Ms. Canales resigned from the Treasury Department and in January 2003, she started M Squared Strategies, Inc., a technology consulting services company. Canales Decl. at ¶ 6-8.

5. The results of the OIG's investigation were turned over to the Department of Justice for criminal prosecution. As a result of the United States Attorney's Office's determination, Canales pleaded guilty to making a false writing in violation of 18 U.S.C. § 1018. A.R. at CAN 0091, 0119.

6. At the Arraignment Hearing on April 19, 2004, after the Assistant U.S. Attorney made his proffer, Canales's counsel noted, "there is no connection proffered by the United States Attorney's Office that connects any procurement to those gifts." A.R. at CAN 0133. When asked to respond to this statement by the judge, the AUSA stated: "This is a plea to Section 1018 *and we're not alleging a violation of the bribery or gratuity statute*, so that statement I think does not detract from the factual proffer." Id. Canales then entered her plea of guilty to the misdemeanor violation. A.R. at CAN 0134.

7. On July 13, 2004, at Canales's sentencing hearing, AUSA Sklamberg informed the Court:

> As the Court knows from reviewing the actual proffer upon which the parties agreed, this case stems from an investigation by the Inspector General's Office into activities by Ms. Canales. ***There ended up being no allegation that Ms. Canales broke any of the bribery or gratuity laws or corruption offenses.***

>In the course of the investigation, however, Ms. Canales made a false written statement to the Inspector General…That false statement forms the basis, the false written statement, forms the basis to the misdemeanor to which Ms. Canales pled. A.R. at CAN0144-0144.

8. On November 29, 2005, the Debarring Official issued a notice to Ms. Canales proposing to debar her from participating in federal government procurement programs. Declaration of Thomas Sharpe ("Sharpe Decl.") at ¶ 3; A.R. at CAN0014-15.

9. The November 29, 2005 Notice stated: "You were convicted of violating U.S.C. § 1018, making a false writing in connection with an on-going procurement.  As a result, I conclude that this conviction meets the minimum requirements of this section to constitute a cause for debarment."  A.R. at CAN0014.

10. The November 29, 2005 Notice also stated: "The debarment may also apply to your place of employment in the event you are employed as a 'principal' as defined by the certification requirements under FAR 52.209-5(a)(2)."  A.R. at CAN 0014-0015.

11. On June 27, 2006, the Debarring Official issued a debarment notice against Ms. Canales.  A.R. at CAN 0011-0012; Sharpe Decl. at ¶ 4.

12. The June 27, 2006 Notice of Debarment against Ms. Canales stated: "You were convicted of violating U.S.C. § 1018, making a false writing in connection with an on-going procurement.  As a result, I conclude that this conviction meets the minimum requirements of this section to constitute a cause for debarment."  A.R. at CAN 0011.

13. The June 27, 2006 Notice of Debarment against Ms. Canales also stated: "The debarment may also apply to your place of employment in the event you are employed as a 'principal' as defined by the certification requirements under FAR 52.209-5(a)(2)."  A.R. at CAN 0012.

14. On the same day, the Debarring Official also issued a debarment notice against Ms. Canales' company, M Squared Strategies, Inc. Sharpe Decl. at ¶ 5.

15. The June 27, 2006 Notice of Debarment against M Squared stated: "Reference the attached Debarment Letter dated 27 June 2006 addressed to Maria (Mayi) Canales for the supporting evidence and grounds for this debarment." A.R. at CAN 0013.

16. In Defendants' Motion for Summary Judgment filed on August 23, 2006 [Dkt. No. 21], defendants' counsel states that M Squared was debarred pursuant to 48 C.F.R. § 9.406-5(a) "because it is Ms. Canales' alter ego." Defendants' Motion at p. 15.

17. Defendants' Counsel's "alter ego" theory is not mentioned anywhere in the Administrative Record, the Debarment Notices, or even in the affidavit and declaration attached to Defendants' Motion. See gen. A.R. and Defendants' Motion. [Dkt. No. 21].

18. M Squared received its first subcontract of a government contract from HPTi in April 2004 for work at the Department of Veteran Affairs (the "DVA"). Declaration of Maria Canales ("2nd Canales Decl.") at ¶ 8 (dated August 8, 2006) attached to Plaintiffs' Application for Preliminary Injunction.

19. The first time that M Squared sought to obtain a government prime contract was in August 2004, when it responded to a statement of work issued by the Department of Energy (the "DOE"). 2nd Canales Decl. at ¶ 9.

20. M Squared obtained its first prime government contract in September 2004, when it was awarded a contract by the DOE. 2nd Canales Decl. at ¶ 10.

21. As part of the solicitation process for any Government contract in which M Squared participates, M Squared discloses any and all prior disbarments, suspensions and any convictions of any of its principals. 2nd Canales Decl. at ¶ 11.

4

22. Canales, on behalf of M Squared, and pursuant to the certification requirements under F.A.R. 52.209-5, truthfully acknowledged the misdemeanor plea and conviction in April 2004 arising from my June 2002 conduct while employed at Treasury on each and every OCRA Certification completed for M Squared. 2nd Canales Decl. at ¶ 12.

23. At no time has Canales ever applied for or obtained a government contract as an individual. 2nd Canales Decl. at ¶ 14.

24. Neither M Squared nor Canales have ever had or applied for any contracts with Treasury at any time, past or present. 2nd Canales Decl. at ¶ 15.

25. M Squared has never been charged with, or convicted of, any fraudulent, criminal, or other seriously improper conduct as a government contractor or a private contractor. 2nd Canales Decl. at ¶ 16.

26. No officer, director, shareholder, partner, employee, or other individual associated with M Squared has ever been charged with, or convicted of, any fraudulent, criminal, or other seriously improper conduct as a government contractor or a private contractor for conduct which occurred in connection with the individual's performance of his/her duties for or on behalf of M Squared, or with M Squared's knowledge, approval, or acquiescence. 2nd Canales Decl. at ¶ 17.

DATED: September 11, 2006.

        Respectfully submitted,
        Maria Canales and M Squared Strategies, Inc.,


        ___/s/_ Steven D. Cundra_____
        By: One of their attorneys
        Steven D. Cundra, D.C. Bar No. 374074
        Amy Epstein Gluck, D.C. Bar No. 453525
        Nicholas M. Beizer, D.C. Bar No. 485894
        **HALL, ESTILL, HARDWICK, GABLE,**
        **GOLDEN & NELSON, P.C.**

1120 20th Street, N.W.
Suite 700, North Building
Washington, D.C. 20036
(202) 973-1200
(202) 973-1212 (fax)