IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
MARIA CANALES and M SQUARED                 )
STRATEGIES, INC.,                           )
                                            )
    Plaintiffs,                              )
                                            )
v.                                          )   Civil Action No: 1:06CV01330 (GK)
                                            )
HENRY M. PAULSON,                           )
SECRETARY OF THE UNITED STATES              )
DEPARTMENT OF TREASURY, *et al.*,           )
                                            )
    Defendants.                              )
_____)

**PLAINTIFFS' STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and LCvR 56.1, Plaintiffs Maria Canales ("Canales") and M Squared Strategies, Inc. ("M Squared") hereby file Plaintiffs' Statement Of Genuine Issues Of Material Fact In Opposition To Defendants' Motion For Summary Judgment:

    1.    Defendants' statement at paragraph 1 is undisputed.

    2.    Defendants' statement at paragraph 2 is disputed.

(a) On February 25, 2002, OIG initiated an investigation based on a complaint from a confidential source that Canales, then the U.S. Department of Treasury's ("Treasury") Chief Information Officer, was involved in unlawful procurement practices, to wit: the receipt of gifts and personal vacations from a personal friend (Neal) in exchange for "greatly influencing" the sole source award of a $5.7 Million IT contract to Booze Allen Hamilton ("BAH"), which included a $1.5 Million subcontract to a company ("Enterasys, Inc.") "represented by Neal."[1]

(b) OIG agents interviewed Canales on June 6, 2002, and she acknowledged that she had

---

[1]    AR CAN 0018-0019

received a vase from Neal, but she denied that she had accepted a personal gift of two blue emerald chips, valued at $800.[2] She also denied any connection between any gifts and the award of the $5.7 Million BAH contract or BAH's subcontract with Enterasys, Inc. This interview was reduced to a written statement on that same day.[3]

    3.    Defendants' statements at paragraph 3 are undisputed.

    4.    Defendants' statement at paragraph 4 is disputed, and incomplete.

(a) The results of the OIG's investigation were turned over to the Department of Justice for criminal prosecution. As a result of the United States Attorney's Office's determination, Canales pleaded guilty to making a false writing in violation of 18 U.S.C. § 1018.[4]

(b) At the Arraignment Hearing on April 19, 2004, after the Assistant U.S. Attorney made his proffer, Canales's counsel noted, "there is no connection proffered by the United States Attorney's Office that connects any procurement to those gifts."[5] When asked to respond to this statement by the judge, the AUSA stated: "This is a plea to Section 1018 *and we're not alleging a violation of the bribery or gratuity statute*, so that statement I think does not detract from the factual proffer."[6] Canales then entered her plea of guilty to the misdemeanor violation.[7]

(c) On April 30, 2004, following the plea proceedings, Treasury's Inspector General (the "IG") published his Semi-Annual Report ("SAR") to Congress for the period October 1, 2003 – March 31, 2004 reporting that Canales had pleaded guilty to procurement fraud.[8]

(d) The April 2004 stated as follows:

**Former Acting Treasury CIO Debarred for Life for Making False Statements**

---

[2]     AR CAN 0019.
[3]     AR CAN 0042 - 0044.
[4]     AR CAN 0091, 0119.
[5]     AR CAN 0133.
[6]     *Id*.
[7]     *Id.*
[8]     Exhibit 5[Dkt. No. 9] to Plaintiffs' Application for Preliminary Injunction, ("Plaintiffs' App. PI") [Dkt. No. 7] filed on August 9, 2006.

A complaint filed with Treasury OIG alleged, as part of or in exchange for a $5.8 million [sic] contract for cyber-security related software and consulting services, Treasury's former Acting CIO directed the contractor to place a $1.5 million subcontract with a company owned by a friend of the CIO. Our investigation revealed that, in return, the CIO received various gratuities including jewelry and use of a time-share rental property located in the Bahamas. The former CIO agreed to plead guilty to making False Statements in Official Certificates or Writings (18 U.S.C. §1018) and to be debarred from doing business with the federal government for life.[9]

(e) Then, on July 13, 2004, at Canales's sentencing hearing, AUSA Sklamberg informed the Court:

> As the Court knows from reviewing the actual proffer upon which the parties agreed, this case stems from an investigation by the Inspector General's Office into activities by Ms. Canales. ***There ended up being no allegation that Ms. Canales broke any of the bribery or gratuity laws or corruption offenses.***
>
> In the course of the investigation, however, Ms. Canales made a false written statement to the Inspector General…That false statement forms the basis, the false written statement, forms the basis to the misdemeanor to which Ms. Canales pled.[10]

(f) On October 29, 2004, the Treasury OIG published in the SAR:

**Former Acting Treasury CIO Sentenced to Making False Statement and Debarred for Life**

In our March 2004 report (p.15), we reported Treasury's acting Chief Information Officer (CIO), Maya Canales, directed a consulting firm under contract with the Department to secure a $1.5 million subcontract with a company owned by the CIO's friend, as part of (or in exchange for), a $5.8 million contract that Treasury awarded to the consulting firm. That investigation revealed the acting CIO accepted various gratuities including jewelry and the use of a time-share rental property.

The former acting CIO pled guilty to making false statements in official Certificates or Writings (18 U.S.C. § 1018) and has been debarred for life from doing business with the federal government. In July 2004, the former action CIO was sentenced in United States District Court to 1 year probation, fined $2,500, and ordered to perform 25 hours of community service.[11]

---

[9]  *Id.*
[10] AR CAN 0144-0145.
[11] Exhibit 6 to Plaintiffs' App. PI [Dkt. No. 9].

(g)  On August 9, 2005, the IG's counsel, Mr. Richard K. Delmar, received an inquiry regarding the accuracy of the statements in the OIG's October 2004 SAR in connection with a pending FOIA request by a reporter, Dave Perera, for the periodical Federal Computer Week.

(h)  On the same day, Mr. Delmar informed Mr. Perera that the statement in the SAR concerning the lifetime debarment of Canales was inaccurate.[12]

(i)  Counsel for the Treasury OIG received a second inquiry questioning the two 2004 SARs on August 25, 2005.[13]  A Clifton Brown, Jr. (a Treasury OIG official whose position is unidentified by Defendants) responded to the inquirer, Mr. John Breslin, stating that,

> "the Treasury OIG did report that the subject had been debarred for life; however, this statement was made in error.  The subject's conviction was reported to the Department of Treasury for appropriate action, which can include suspension or debarment.  We will bring the information provided to the attention of the appropriate department officials."[14]

(j)  On September 7, 2005, Mr. Delmar, reported to his OIG colleagues that he talked directly to Bill Murphy, the DO's counsel, and "forwarded this email package to him, *stressing the need for fast action. We'll see...*"[15]

5.  Defendants' statements at paragraph 5 are undisputed.

6.  Defendants' statements at paragraph 6 are undisputed, but incomplete.

(a)  On December 14, 2005, fifteen (15) days after the Notice of Debarment issued, Canales's counsel submitted sixteen (16) documents to Bill Murphy, Senior Counsel, Office of the General Counsel, Department of the Treasury (the Debarring Official's legal counsel).[16]

7.  Defendants' statements at paragraph 7 are disputed.

---

[12]  *Id.*
[13]  Delmar Aff., Attachment B.
[14]  *Id.*
[15]  Delmar Aff., Attachment C.  (emphasis added).
[16]  AR CAN 0113, AR CAN 0003 (for Mr. Murphy's Title and Position).

(a) On December 29, 2005, Canales's counsel requested of the OIG's counsel, Mr. Murphy, that if *he* needed any *additional* information, in addition to the sixteen pages of documents he had submitted to Mr. Murphy on December 14, 2005, prior to the due date of January 12, 2006, to contact him and requested an extension.[17]

8. Defendants' statements at paragraph 8 are undisputed.

9. Defendants' statements at paragraph 9 are undisputed.

10. Defendants' statements at paragraph 10 are undisputed.

11. Defendants' statements at paragraph 11 are undisputed.

12. Defendants' statements at paragraph 12 are undisputed.

13. Plaintiffs cannot state whether the statements at paragraph 13 are disputed or undisputed without taking deposition testimony. In their Motion for Summary Judgment, Defendants produced documents and affidavits outside of the Administrative Record without allowing any discovery to Plaintiffs. Consequently, it remains unknown what the Debarring Official considered when determining to debar the plaintiffs, particularly in view of the use of documents and affidavits outside of the Administrative Record and documents which show a direct line of communication outside of official channels between counsel for the OIG and counsel for the Debarring Official.

14. Defendants' statements at paragraph 14 are undisputed.

15. Defendants' statement at paragraph 15 is disputed for the way in it is worded. In January 2003, Canales started M Squared, a technology consulting services company. (*See* Canales Affidavit attached as Exhibit 1 to Plaintiffs' Application for Preliminary Injunction, hereinafter "Canales Aff.," at ¶ 8). In 2003, M Squared had contracts in the private sector *only*, with CACI, Entrust, AMS, Tripwire, Cap Gemini, Ngrain, and Sapeint. (Canales Aff. at ¶ 9). In

---

[17] AR CAN 0001.

April 2004, Canales transitioned from private sector contracts to contracting with various United States Government agencies. (Canales Aff. at ¶ 12).

DATED: September 11, 2006.

        Respectfully Submitted,
        Maria Canales and M Squared Strategies, Inc.,


        ___/s/   Steven D. Cundra_____
        By:  One of their attorneys
        Steven D. Cundra, D.C. Bar No. 374074
        Amy Epstein Gluck, D.C. Bar No. 453525
        Nicholas M. Beizer, D.C. Bar No. 485894
        **HALL, ESTILL, HARDWICK, GABLE,**
        **GOLDEN & NELSON, P.C.**
        1120 20th Street, N.W.
        Suite 700, North Building
        Washington, D.C. 20036
        (202) 973-1200
        (202) 973-1212 (fax)