UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA CANALES, ET AL., ) | |
| ) | |
| Plaintiffs ) | |
| ) | Civ. No. 06-1330 (GK) |
| v. ) | ECF |
| ) | |
| HENRY M. PAULSON, SECRETARY, ) | |
| DEPT. OF TREASURY, ET AL. ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' RESPONSES TO PLAINTIFFS' STATEMENT OF
MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Local Rules 7(h) and 56.1, Defendants hereby respond to Plaintiffs' Statement of Material Facts Not in Genuine Dispute as follows:

1.  Not disputed.

2.  Not disputed.

3.  Not disputed.

4.  Disputed. This statement indicates that Plaintiff Maria Canales resigned from the Treasury Department in October 2002 and started her company, M Squared Strategies Inc., in January 2003. See Affidavit of Maria Canales at ¶ 8 (filed July 28, 2006) (Dkt. No. 2); Affidavit of Maria Canales at ¶ 8 (filed Aug. 2, 2006) (Dkt. No. 5); Affidavit of Maria Canales at ¶ 8 (filed on Aug. 9, 2006) (Dkt. No. 8-1); Affidavit of Maria Canales at ¶ 4 (filed Aug. 9, 2006) (Dkt. No. 8-2); Second Supplemental Affidavit of Maria Canales at ¶ 3 (filed Sept. 11, 2006) (Dkt. No. 30). However, the records from the Maryland Department of Assessments and Taxation show

that Ms. Canales incorporated M Squared Strategies, Inc., on June 1, 2002.  See Gov. Exh. B (Articles of Incorporation of M Squared Strategies, Inc.).  Ms. Canales was one of the incorporators and its resident agent.  Id.  Moreover, the records also indicate that Ms. Canales filed M Squared's Articles of Incorporation on July 1, 2002, one month after starting the company.  See Gov. Exh. C.  The fees for filing the Articles of Incorporation were $64 and Ms. Canales paid for the filing fees with a check.  Id. at p. 2.  Therefore, according to the records from the Maryland Department of Assessments and Taxation, Ms. Canales "started" M Squared in July 1, 2002, when she filed M Squared's Articles of Incorporation, not in "January 2003,".

5. Not disputed.

6. Not disputed.

7. Not disputed.

8. Not disputed.

9. Not disputed.

10. Not disputed.

11. Not disputed.

12. Not disputed.

13. Not disputed.

14. Not disputed.

15. Not disputed.

16. Not disputed.

17. Not material.  This statement of fact is not material as it pertains to whether Defendants made an "alter ego" legal argument in their brief.  See Nails v. England, 311 F. Supp.2d 116, 121

(D.D.C. 2004) (noting that "[m]aterial facts are those that might affect the outcome of the suit under governing law, and a genuine dispute about the material facts exist if the evidence is such that a reasonable jury could return a verdict for the non-moving party.").

18. In this statement, Plaintiffs claim that M Squared did not receive its first government contract until January 2004. In light of Defendants' withdrawal and remand of M Squared's debarment, this statement is now immaterial. See Nails, 311 F. Supp.2d at 121.

19. This statement indicates that M Square sought its government prime contract for the first time in "August 2004." In light of Defendants' withdrawal and remand of M Squared's debarment, this statement is now immaterial. See Nails, 311 F. Supp.2d at 121.

20. This statement indicates that M Squared received its first government contract from the Department of Energy in September 2004. In light of Defendants' withdrawal and remand of M Squared's debarment, this statement is now immaterial. See Nails, 311 F. Supp.2d at 121.

21. Not disputed.

22. This statement indicates that Ms. Canales made all proper disclosures when competing for government contracts. Defendant cannot state whether this statement is disputed or undisputed; however, in light of Ms. Canales' inaccuracies about when she "started" M Squared in "January 2003," it is entirely possible that she did not make all of the necessary disclosures when seeking government contracts. See See Affidavit of Maria Canales at ¶ 8 (filed July 28, 2006) (Dkt. No. 2) (Ms. Canales attested that started M Squared in January 2003); Affidavit of Maria Canales at ¶ 8 (filed Aug. 2, 2006) (Dkt. No. 5) (attesting same); Affidavit of Maria Canales at ¶ 8 (filed on Aug. 9, 2006) (Dkt. No. 8-1) (attesting same); Affidavit of Maria Canales at ¶ 4 (filed Aug. 9, 2006) (Dkt. No. 8-2) (attesting same); Second Supplemental

Affidavit of Maria Canales at ¶ 3 (filed Sept. 11, 2006) (Dkt. No. 30) (attesting same).  But see Gov. Exh. A (showing M Squared was incorporated on June 1, 2002); Gov. Exh. B (showing that Ms. Canales filed M Squared's Articles of Incorporation on July 1, 2002).

23.    Disputed.  This statement indicates that Ms. Canales never obtained a government contract as an individual.  According to her submission at the administrative level, she was "an excellent contractor the entire time she has done business with the United States government." A.R. at CAN0111.  She also admitted that she is "currently a government contractor."  Id.

24.    Not disputed.

25.    This statement indicates M Squared has never been charged or convicted of any criminal offense.  In light of Defendants' withdrawal and remand of M Squared's debarment, this statement is now immaterial.  See Nails, 311 F. Supp.2d at 121.

26.    Disputed.  This statement claims that no officer or director of M Squared was ever charged or convicted of any crime when performing duties on its behalf.  Ms. Canales incorporated M Squared on June 1, 2002, and filed M Squared's Articles of Incorporation with the Maryland Department of Assessment and Taxation on July 1, 2006.  See Gov. Exh. A (showing M Squared was incorporated on June 1, 2002); Gov. Exh. B (showing that Ms. Canales filed M Squared's Articles of Incorporation on July 1, 2002). Ms. Canales also acted as M Squared's resident agent.  See Gov. Exh. A.  Ms. Canales is the sole stockholder and M Squared's Chief Executive Officer.  See Affidavit of Maria Canales at ¶ 8 (filed July 28, 2006) (Dkt. No. 2) (Ms. Canales attested that started M Squared in January 2003 and she is the sole stockholder and its Chief Executive Officer); Affidavit of Maria Canales at ¶ 8 (filed Aug. 2, 2006) (Dkt. No. 5) (attesting same); Affidavit of Maria Canales at ¶ 8 (filed on Aug. 9, 2006)

(Dkt. No. 8-1) (attesting same); Affidavit of Maria Canales at ¶ 4 (filed Aug. 9, 2006) (Dkt. No. 8-2) (attesting same); Second Supplemental Affidavit of Maria Canales at ¶ 3 (filed Sept. 11, 2006) (Dkt. No. 30) (attesting same).

In April 2004, Ms. Canales pled guilty to making a false writing on June 14, 2002, in violation of 18 U.S.C. § 1018. See Plea Hrg. Trans. at p. 12:18-13:3 (A.R. at CAN0132-33). At the time of Ms. Canales' guilty plea, M Squared has been in existence for almost two years. See Gov. B and C. At a minimum, Ms. Canales' criminal conduct on June 14, 2002, occurred almost two weeks after she incorporated M Squared on June 1, 2002. See Gov. Exh. B.

Dated: September 29, 2006.    Respectfully Submitted,


  /s/  Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/  Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

  /s/  John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendants