UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA CANALES, ET AL., )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>HENRY M. PAULSON, SECRETARY, )<br>DEPT. OF TREASURY, ET AL. )<br>Defendants. )<br>_____ ) | Civ. No. 06-1330 (GK)<br>ECF |

AFFIDAVIT OF MR. RICHARD K. DELMAR

I, Richard K. Delmar, make the following statements based on my personal knowledge and on my review of documents kept in the course of business.

1. I am the Counsel to the Inspector General in the Department of the Treasury's Office of Inspector General (OIG), and have served in this position since February, 2000.

2. I am making the following statement to supplement my affidavit of August 18, 2006, and to respond to innuendos and allegations made in Plaintiffs' August 28, 2006 Reply to Defendants' Opposition to Plaintiffs' Application for Preliminary Injunction and Motion for a Temporary Restraining Order [Dkt. No. 21] (August 28 Reply) and their September 11, 2006 Cross Motion for Summary Judgment and In Opposition to Defendants' Motion for Summary Judgment (September 11 Cross Motion). I incorporate by reference the facts set forth in my August 18, 2006 Affidavit.

3. On page 7, footnote 17 of their August 28 Reply, and on Pages 4 and 27 - 30 of their September 11 Cross Motion, Plaintiffs question the propriety of my communicating certain facts to Mr. William Murphy, an attorney in the Department's Office of General Counsel (OGC), suggesting that it was done outside "established channels of communication," and that it indicated improper pressure by the OIG on the Department to debar Plaintiffs. I communicated with Mr. Murphy because I knew that he was the OGC attorney assigned to provide legal advice to the Departmental officials who had received the OIG's Report of Investigation (ROI). My only purpose was to determine if the Department was planning to take any administrative action with respect to the matters reported in the ROI. My office, which is responsible for processing Freedom of Information Act (FOIA) requests, had a pending request for this ROI. Consistent with the OIG's standard procedure, the case was maintained as open until Departmental management reported back on any action taken. While the case was carried as open, I could not process the FOIA request

4. At page 28 of their September 11 Cross Motion, Plaintiffs allege, based on notes I wrote on a copy of the August 9, 2005 email exchange with the FOIA requester, David Perera (first attachment to my August 18, 2006 Affidavit), that OIG employee Clifford L. Brown, Jr. (who is the Special Agent in Charge of the OIG Office of Investigations' Operations Division, and not my "assistant") planned a further contact with the Department on February 6, 2006 to obtain "fast action" on the debarment. Plaintiffs misconstrue the wording and meaning of this note. My note says: "per Clif – 1/11/06 – open. Debarment proposal 11/29/05. Check @ end Feb 06." This was my

contemporaneous memorialization of a discussion I had had with Mr. Brown in which I determined, as of January 11, 2006, that the case was still open. It reflects the fact that the OIG had been notified by the Department that it had issued a debarment proposal on November 29, 2005, and it contains a reminder to myself to check the status again at the end of February, 2006. I used the term "fast action" in a different email dated September 7, 2005 (third attachment to my August 18, 2006 affidavit), which is discussed below in paragraph 5, and which was solely related to my concern that the Department had had the ROI for over 11 months at that point, that I had a pending FOIA request, and that some response from the Department was needed so that the OIG could close the file, which was the necessary predicate for me to respond to the FOIA request.

5. On Page 29, footnote 92 of their September 11 Cross Motion, Plaintiffs discuss my September 7, 2005 email (third attachment to my August 18, 2006 affidavit), This email, which I had sent to Mr. Brown, his assistant, Kenneth Everetts, and then-Deputy Assistant Inspector General for Investigations Carl Hoecker, stated that I had forwarded to Mr. Murphy an email in which Mr. Brown told John Breslin that the "debarred for life" references in the OIG's Semi Annual Reports were wrong. Plaintiffs ask for the whereabouts of any follow-up emails. In fact, I did not electronically forward the email to Mr. Murphy. Instead, I had gone to Mr. Murphy's office to show him the email and explain the OIG's error, and to ask again if the Department was planning to take any action in response to our ROI. I stressed that I had an aging FOIA request that could not be answered while the case was pending. At no time did I demand or suggest that the Department debar Ms. Canales. At Page 30 of their September 11 Cross Motion,

Plaintiffs suggest that my communicating with Mr. Murphy was an effort to mask improper communications behind an attorney-client privilege. There was nothing improper or unusual about my communicating with Mr. Murphy on this matter. I was responsible for processing FOIA requests, and I was seeking information I needed in that role. That was my purpose in talking to Mr. Murphy. At no time did I assert, or consider asserting, an attorney-client privilege with respect to this communication.

In accordance with Title 28 United States Code Section 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on September 27, 2006

_Richard K. Delmar_

Richard K. Delmar